### BOMAR v. MEANS.

1. FRAUD—CREDITORS' BILLS—PARTIES.—Several and separate judgment creditors may unite as plaintiffs in one action to have mortgages, bills of sale, and confessions of judgment by the common debtor set aside as a fraud upon the rights of the plaintiffs.
2. A DEMURRER admits all the proper allegations of a complaint, and must be decided upon the statement of facts therein made.
3. FRAUD—PARTIES.—In action to set aside fraudulent mortgages, &c., the grantee, who has parted with all interest and claim under these instruments, is not a necessary party.
4. FRAUD—MISJOINDER.—Several transactions of a debtor with several persons, springing from the single design to put his property beyond the reach of his creditors, may be assailed by them in a single action.

Before FRASER, J., Spartanburg, February, 1892.

This action was based upon the following complaint:

The plaintiffs above named, in behalf of themselves and of all other creditors of the defendant, A. G. Means, sr., who shall in due time come into this action and seek relief thereby, and contribute to the expenses thereof, respectfully show to the court:

I. That on November 12, 1890, the plaintiff, Elisha Bomar,

recovered a judgment in this court against the defendant, Albert G. Means, sr., for the sum of $852.31, which was, on said day, duly signed, docketed. and enrolled in the office of the clerk of this court, and execution thereupon duly issued to, and lodged with, the sheriff of this county ; that no part thereof has been paid or satisfied ; that an appeal was taken from said judgment by said defendant, which is now pending in the Supreme Court.[1]  That on April 12, 1888, the plaintiff, William T. Russell, the plaintiffs, John A. Lee and J. Boyce Lee, who were then, and are still, partners doing business under the name of J. A. Lee & Son, and Andrew Holtzhouser, each recovered a judgment in this court against the defendant, Albert G. Means, sr., viz.: William T. Russell, for the sum of $388.49 ; J. A. Lee & Son, for the sum of $274.28 ;  and Andrew Holtzhouser, for the sum of $758.45 ;  that each of said judgments was, on said day, duly signed and docketed, and enrolled in the office of the clerk of this court, and executions were thereupon duly issued to, and lodged with, the sheriff of this county ; that no part of either of them has been paid or satisfied ; that the executions in favor of J. A. Lee & Son and Andrew Holtzhouser, were long since returned by said sheriff wholly unsatisfied, and that the defendant, Albert G. Means, sr., is utterly insolvent.   That each of the judgments above mentioned was a valid and subsisting lien on the property herein described. That a transcript of each of said judgments has been duly filed and docketed in the office of the clerk of Court of Common Pleas for the County of Union, where the defendant, Albert G. Means, sr., owns a valuable tract of land, on which said judgments are liens.  That executions were issued to the sheriff of said county on the three last named judgments, and were levied by him on certain personal property found on the plantation of the judgment debtor, Albert G. Means, sr.   That thereupon the defendants (except the defendants, H. F. and Albert G. Means, sr.,) brought suit in the Court of Common Pleas for said county against said sheriff to recover said property, claiming to be the owners thereof under the bill of sale

---

[1] See 35 S. C., 591.—REPORTER.

hereinafter mentioned. That the judgment creditors defended said action through the sheriff, and the issue raised by them in that action and tried was that said bill of sale was in violation of the assignment laws of this State, and was made with intent to hinder, delay, and defraud creditors, and was, therefore, void. That said action was tried, and resulted in a verdict and judgment for the sheriff, from which the plaintiffs in that suit appealed to the Supreme Court, and the appeal is still pending. Even if said judgment is sustained, the property therein recovered will not realize enough to satisfy said judgments and executions.

II. That the said Andrew Holtzhouser died on the 5th day of April, 1890, intestate, and the plaintiff, Jane Holtzhouser, was, by an order of the probate judge of this county, duly appointed administratrix of his estate on the 3d May, 1890, and has entered upon the duties of said office, after having duly qualified.

III. That on the 4th March, 1884, the defendant, Albert G. Means, sr., executed and delivered to his brother, the defendant, H. F. Means, a mortgage of all that lot of land in the city of Spartanburg, county and State aforesaid, containing two and three-fourths acres, more or less, and bounded by Church street, the Central Methodist church lot, and lots formerly owned by Mrs. M. E. Nowell and Mrs. M. E. Newell, of which said lot, the said Albert G. Means, sr., was then the owner; that said mortgage, which purports to have been given to secure the payment of six thousand eight hundred and ninety-two dollars and fifty cents, was recorded in the office of the R. M. C. for said county in book No. 10, at page 392, on the 30th January, 1888, to the record of which plaintiffs crave reference as often as may be necessary. That plaintiffs are informed, and believe, that large payments have been made on the debt secured by said mortgage, but exactly how much, or when, they do not know; and they are also informed, and believe, that there is an agreement between the defendants, whereby the defendant, H. F. Means, is to accept, in full satisfaction of his debt, only a part thereof.

IV. That plaintiffs are informed, and believe, that on 30th

December, 1887, the defendant, Albert G. Means, sr., being then insolvent, and being then indebted to the plaintiffs on their several demands, on which the judgments hereinbefore mentioned were recovered, with intent to evade the provisions of the assignment laws of this State, and with intent to hinder, delay, and defraud his creditors, made, executed, and delivered to one Robert Beaty, sr., who was his father-in-law, a mortgage to secure an alleged debt of six thousand dollars on the lot above described, and also a bill of sale of all his personal property (except about so much as was exempt from execution), and also a confession of judgment in the Court of Common Pleas for the County of Union, State aforesaid, for the sum of $8,254.61, which said instruments, together with the liens previously given, far more than covered the value of all the property then owned by the defendant, Albert G. Means, sr. That each of the aforesaid instruments was immediately assigned by the said Robert Beaty, sr., to the defendants, Albert G. Means, jr., Sarah J. Archer, Nannie B. Means, Jessie M. Thomson, Maggie H. Chapman, Voluna L. Means, and Bessie A. Heinitsh, who are the children of the defendant, Albert G. Means, sr., and the grand-children of the said Robert Beaty, sr. That the mortgage given by the defendant, Albert G. Means, sr., to the said Robert Beaty, sr., and by him assigned as aforesaid, was, on the 31st December, 1887, recorded in the office of the R. M. C. for this county in book No. 10, page 317, and is claimed by the defendants, to whom it was assigned, to have been a lien on the property hereinbefore described. That the assignment thereof was also recorded in said office in book No. 9, page 701, on January 3d, 1888, and these records plaintiffs desire to be referred to as often as necessary. That the debts alleged to have been due from the defendant, A. G. Means, sr., to the said Robert Beaty, sr., and for which the said mortgage, bill of sale, and confession of judgment are alleged to have been given, were, and are, wholly pretensive and fraudulent; that the assignment of the said instruments to the defendants above named was without any consideration from them, and the said instruments were made, taken, and assigned for the purpose, and with the intent, to assist the defendant, Albert G. Means,

sr., to cover up and conceal his property and put it beyond the reach of his creditors, with the intent to hinder, delay, and defraud them, and to allow him, the said Albert G. Means, sr., to retain and enjoy the use of it, as he has done, just as he did before the said instruments were made. That the said Robert Beaty, sr., never had any actual or *bona fide* interest in said instruments, or the property covered by them.

V. That the defendant, H. F. Means, advertised and sold the lot hereinbefore described on salesday in November last, under and by virtue of the power contained in the mortgage to him, on terms of one-third cash, and the balance in one and two years, with interest on the credit portion from day of sale. That it brought ten thousand and eight hundred dollars—far more than enough to pay the debt due to the defendant, H. F. Means; and that the defendants (except the defendant, Albert G. Means, sr.,) claim the surplus proceeds of said sale, after satisfying the debt due to H. F. Means on the mortgage executed by Albert G. Means, sr., to Robert Beaty, sr., and assigned to them.

Wherefore, the plaintiffs pray for an order enjoining and restraining the defendant, H. F. Means, from paying the surplus proceeds of sale, after satisfying the debt due to himself, to any of the defendants, and that he be required to pay the same into this court, to be applied to the valid liens upon said property, according to their priority. That the mortgage, bill of sale, and confession of judgment given to Robert Beaty, sr., by Albert G. Means, sr., assigned to the defendants named herein, be adjudged fraudulent and void, and set aside, and for such other and further relief as the facts and circumstances may require, and as to the court may seem just and equitable.

A demurrer to this complaint being overruled, defendants, other than H. F. Means, appealed.

*Mr. W. W. Thomson,* for appellant.

*Messrs. Carlisle & Hydrick,* contra.

November 17, 1892. The opinion of the court was delivered by

MR. JUSTICE McGOWAN. This is an action to set aside certain conveyances, mortgage, bill of sale, confession of judgment, &c., as fraudulent as to creditors. The complaint is long, and among other things substantially states, that the plaintiff and others have judgments obtained at different times against Albert G. Means, sr.; that on April 12, 1888, three of the judgments' creditors, viz., William T. Russell, J. A. Lee & Son, and Andrew Holtzhouser, obtained their judgments in Spartanburg County; that no part of either of them has been paid; that the executions of the two last named creditors have been long since returned "unsatisfied," and that the debtor, Albert G. Means, is utterly insolvent. The judgments were "transcripted" to Union County, in which the debtor owns a valuable plantation. Certain personal property was levied by the sheriff, whereupon the defendants (except H. F. Means and Albert G. Means, sr.), who are the children of the debtor, A. G. Means, instituted proceedings against the sheriff, claiming that the property levied belonged to them, under a bill of sale to be hereafter more particularly mentioned. The judgment creditors, in the sheriff's name, defended the suit, on the ground that the aforesaid bill of sale was fraudulent and void. The contest resulted in favor of the judgment creditors, and from the decision an appeal is now pending.[1] That on March 4, 1889, the debtor, Albert G. Means, sr., executed to his brother, H. F. Means, a mortgage on a lot in the city of Spartanburg, nominally to secure the payment of a large note, as to which, plaintiffs are informed, that payments have been made, and that there is an agreement whereby the brother, H. F. Means, is to accept a particular sum in full satisfaction of the whole debt; that plaintiffs are informed that on December 30, 1887, the said defendant, A. G. Means, sr., being then insolvent, with the intent to evade the provisions of the assignment act, made to one Robert Beaty, sr., who was his father-in-law, a mortgage to secure an alleged debt of $6,000 on the lot before described, and also a bill of sale of all his personal property, and also a confession of judgment for $8,254.41; which said instruments,

[1] Judgment affirmed February 15, 1893, to be hereafter reported.—REPORTER.

together with the liens previously given, far more than cover the balance of all the property then owned by the said debtor; that each of the aforesaid instruments were immediately assigned by the said Robert Beaty, sr., to the defendants, who are the children of the said A. G. Means, sr., and the grand-children of the said Robert Beaty; that the debts alleged to have been due to the said Robert Beaty, and for which the said mortgage, bill of sale, and confession of judgment are alleged to have been given, were and are wholly pretensive and fraudulent, &c.; that the defendant, H. F. Means, sold the aforesaid lot, mortgaged for $10,800, for more than enough to pay the debt due to him, and the defendants (except as before excepted) claim the surplus proceeds of said sale, &c. Whereupon the plaintiffs pray for an order enjoining the defendant, H. F. Means, from paying the surplus proceeds of sale to any of the defendants, and that he be required to pay the same into this court, to be applied to the liens upon said property according to their priority; and that the mortgage, bill of sale, and confession of judgment given to Robert Beaty, sr., by A. G. Means, and assigned to the defendants named herein, be adjudged fraudulent and void, and set aside, &c. (The complaint is long, but it should appear in the report of the case.)

The defendants (except H. F. Means) *demurred* to the complaint, as we understand it, upon three grounds: (1) That the executions upon the judgments of William T. Russell, Jane Holtzhouser, as administratrix, and J. A. Lee & Son, were duly levied by the sheriff of Union County, who hath made no return to, and no proper proof of, the disposition of said liens. (2) That there is a defect of parties defendant and non-joinder of Robert Beaty, sr., the *original grantee*, who *for value* assigned in part to said defendants, except H. F. Means, the bill of sale, and the confession of judgment, alleged to be fraudulent and void in the complaint. (3) That several causes of action have been improperly united—*one* being for the distribution of an alleged surplus fund, *another* for the cancellation of a bill of sale and mortgage given by A. G. Means to Robert Beaty, and by the latter assigned, as alleged in the complaint, and *yet another* for the cancellation of a confession of judgment made by A. G.

Means, sr., to Robert Beaty, sr., and by him assigned, as alleged in the complaint.

His honor, Judge Fraser, overruled the demurrer, and further ordered, that such of the defendants as had not heretofore answered, have leave to answer the complaint within twenty days from the written notice of this order. The defendants appealed upon several grounds, which, as we understand them, are as follows:

*First.* "That his honor erred in assuming that the defect of parties, as alleged in the demurrer, was really an allegation that there is a misjoinder of parties plaintiffs." If the assumption of the Circuit Judge was wrong, we are not sure that we understand clearly the precise point intended to be made by the first ground of demurrer. Four several judgment creditors united as plaintiffs to bring an action in equity, to set aside certain mortgages, bills of sale, and a judgment confessed, alleged to be fraudulent and void as to creditors. It is true, that such a proceeding, called a creditors' bill, is usually brought in the name of one creditor, for himself and such others as will come in and contribute to the expenses. But I do not understand that, where several judgment creditors go on the record as plaintiffs, it is a misjoinder of plaintiffs, of which the defendant debtor, or those who claim under him, have any right to complain. The judgment creditors do not thereby make themselves partners with the other creditors, or claim that they have a joint interest in the cause of action, but that, as creditors, they are separate and distinct, having an interest in common to set aside fraudulent conveyances of their common debtor, which stand in the way of their being paid, according to their respective priorities.

*Second.* "Because his honor erred in assuming that the mere allegation of the insufficiency of the levy, was competent and sufficient *evidence* to dispose of said levy, and to rebut the legal presumption of satisfaction arising from the levy." It seems to have been overlooked, that the case was not being tried on its merits, but the only question was, whether the judge should sustain the demurrer, which from its very legal character *admitted* the statement of facts as contained

in the complaint. The inquiry was not for "evidence," but "allegations." It was alleged distinctly that nothing had been paid on any of the executions, and that, in fact, at least two of them had been returned "unsatisfied."

*Third.* Because his honor erred in not holding that Robert Beaty, the original grantee, is not a necessary party to the action. Beaty was not the debtor, but, as alleged, the grand-father of most of the defendants, and, as alleged, some of the fraudulent conveyances passed through him, merely to promote and forward the general scheme of defeating the creditors of his son-in-law, Means. Beaty had no legal or equitable interest, and was not a necessary party. See *Irby* v. *Henry*, 16 S. C., 617, and authorities.

*Fourth.* The other exceptions complain "that the judge erred in not holding that several causes of action were improperly united in the complaint." We agree with the Circuit Judge that, while there were several different transactions with different persons, and at different times, there was, in fact, but one cause of action—that which arises from the right of the creditors to have the property of their debtor applied to the payment of their debts, which right, as alleged, all the defendants were assisting to defeat, by placing his property beyond the reach of his creditors. One of the most useful and wholesome principles of equity is that, being averse to doing things by halves, it delights in rendering complete justice. See the case of *State* v. *Foot*, 27 S. C., 340, where it was held, "that a judgment creditor may bring his single action to vacate mortgages, fraudulently executed by his debtor at one time, and an assignment for the benefit of creditors, fraudulently and collusively executed by this same debtor at another time. This is but one cause of action, the attempted fraudulent disposition by all the defendants of the debtor's property to defeat the plaintiffs' claim." See the authorities there cited by the Chief Justice, in delivering the judgment.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.