### SULLIVAN v. LATIMER.

1. APPEAL COSTS—CASE CRITICISED.—Where appellant succeeds on some of
his grounds of appeal, though not on all, and the judgment of the Circuit
Court is modified, he is the prevailing party, and is entitled to the costs
and disbursements of such appeal. This case distinguished from Stepp *v.*
National &c. Association, 41 S. C., 206.

Before NORTON, J., Greenville, August, 1893.

Actions by Charles M. Sullivan against Joseph P. Latimer
and John H. Latimer, as executors, *et al.,* and by Thomas· J.
Sullivan against Joseph P. Latimer *et al.*

*Mr. H. J. Haynsworth,* for appellants.

*Mr. J. A. McCullough,* contra.

March 4, 1895. The opinion of the court was delivered by

MR. JUSTICE POPE. These actions were heard together in
this court on appeal. 38 S. C., 158. The plaintiffs in the court
below were the appellants here. The judgment of the Circuit
Court was modified in several important particulars, involving
several thousands of dollars. When the *remittitur* from this
court reached the Circuit Court, and after due notice therefor,
the appellants moved, before the clerk of the Circuit Court, at
Greenville, to tax the costs and expenses in the Supreme, Court.

After the clerk had taxed the costs and adjusted the allowances as fixed by statute, in favor of the appellants, the Messrs. Latimer, as defendants, excepted to such taxation, contending that such costs and allowances were not properly and legally taxable against them. When their exceptions came on to be heard before his honor, Judge Norton, during the summer term, 1893, of the Court of Common Pleas for Greenville County, he decided that such taxation of costs and allowance for expenses in the prosecution of the appeal in this court were not proper, and he accordingly held that Joseph P. Latimer was not only not liable to pay any costs to appellant, but that, on the contrary, appellants were liable to pay, and should pay, full costs of appeal to said Joseph P. Latimer; and, further, that as between the appellants and John H. Latimer, neither party could claim costs of the other; and he directed the taxation of costs to be reformed by the clerk in accordance with those views. From this order of Judge Norton the appellants have appealed.

The Circuit Judge is clearly in error. Both in *Cleveland* v. *Cohrs*, 13 S. C., 397, and in *Huff* v. *Watkins*, 25 *Id.*, 246, this court has decided that costs allowed by law on appeals to the Supreme Court were to be taxed in favor of the prevailing party in such appeal. As was said in the last cited case by Chief Justice Simpson: "Our statute, we think, gives appeal costs to the prevailing party in the appeal, without reference to the grounds of appeal." These views were sustained in the two cases of *Sease* v. *Dobson*, 36 S. C., 554. There is no antagonism to these decisions by the cases of *Stepp* v. *National &c. Association*, 41 S. C., 206, and *Murray* v. *Aiken &c. Company*, 39 *Id.*, 457. In the case of Stepp, *supra*, the court ordered a new trial, unless plaintiff should remit a portion of her recovery, but provided, in case she did so remit, then judgment should be affirmed. . The plaintiff did remit; thereby the judgment became affirmed. When the Life Insurance Company denied its liability to pay the costs on appeal, this court held that Mrs. Stepp was the prevailing party, and was, therefore, entitled to such costs. In the case of *Murray* v. *Aiken &c. Company*, *supra*, a contest arose *between two defendants*, the Fidelity Company on the one side and the Bank of New York on

the other. While the bank did not gain *all* it claimed against the Fidelity Company on appeal, still it gained several thousand dollars. The bank claimed its costs of appeal, and this court decided that it was entitled to such costs, because it was the prevailing party on appeal. So in the case at bar, the plaintiffs, Charles M. Sullivan and Thomas J. Sullivan, have succeeded in modifying the judgment appealed from, and although all their grounds of appeal were not sustained, some of them were, and thus they became "the prevailing parties." It is, therefore, apparent that the Circuit Judge was in error.

It is the judgment of this court, that the order of Judge Norton be reversed, and the cause be remanded to the Circuit Court, with direction that such court allow the appellants here their costs, as the same were taxed by the clerk of the Circuit Court.