## M. FERST'S SONS & CO. v. POWERS.

1. DEMURRER—CAUSE OF ACTION—LEGAL ISSUES—EQUITY.—Where legal and equitable causes of action are commingled in one complaint, a demurrer to the whole complaint, even if good as against the legal cause of action, will not be sustained, if it is not also good as against the equitable cause.

2. PARTIES—DEBTOR AND CREDITOR—FRAUD—EQUITY.—Two or more
creditors may join in an action to set aside a sale of a stock of
goods as a fraud upon creditors.

Before KLUGH, J., Laurens, February, 1901.    Reversed.

Action by M. Ferst's Sons & Co. and J. J. & J. E. Maddox
against John H. Powers and John W. Fowler.    From order
dismissing complaint on demurrer, plaintiffs appeal.

*Messrs. R. E. Babb* and *Graydon & Giles,* for appellant.
*Mr. Ellis G. Graydon* cites: *Transfer admitted by demurrer
to have been made, is equivalent to an assignment:* 22 S. C.,
108; 23 S. C., 393; 29 S. C., 491; 30 S. C., 192. *Assignment
may be attacked by any creditor or creditors of assignor:*
Rev. Stat., 2148.    *To attack a transfer as fraudulent, it is
not necessary to obtain judgment and nulla bona:* 23 S. C.,
393; 29 S. C., 491; 33 S. C., 530.    *Two or more creditors
may join in an action to attack fraudulent conveyance:* 5
Ency. P. & P., 536, 538; 11 Ency., 332; 29 S. C., 395; 37
S. C., 520.

*Messrs. Ferguson & Featherstone* and *W. H. Martin,*
contra.    The former cites: *The complaint states a legal
cause of action, and as such there is a misjoinder of parties
plaintiff:* 15 Ency. P. & P., 528, 533; 17 Ency., 588, 561,
607; Pom. on Rem., secs. 198, 201, 229, note 3; Haus. on
Parties, sec. 94; Wait's Ann. Code, 113, note A, 138, notes
H and J; 3 Brev., 249; 1 Bail., 13; 24 S. C., 39.    *Action
is not creditors' bill:* 28 S. C., 99; 12 S. C., 318.

June 12, 1902.    The opinion of the Court was deliv-
ered by

MR. JUSTICE GARY.    The appeal herein is from an order
sustaining a demurrer to the complaint.    A copy of the com-
plaint will be seen by reference to the report of this case on
former appeal, in 58 S. C., 398.    The defendants demurred
to the complaint on the ground that it failed to state facts

sufficient to constitute a cause of action, for the following reasons : "Because the plaintiffs, M. Ferst's Sons & Co. and J. J. & J. E. Maddox, two separate and distinct mercantile firms, each holding a separate account against the defendant, Powers, said firms having no community of interest whatever, undertake in the same action to recover judgments against the said defendant, which proceeding the defendants submit is a misjoinder of parties plaintiff, and states no cause of action at all."

The opinion on the former appeal unquestionably shows that the complaint sets forth both a legal and an equitable cause of action, though they are commingled and not separately stated. While the causes of action are thus commingled, the complaint is not subject to demurrer, if either of the causes of action, separately stated, would not be demurrable on the ground interposed. Conceding that the demurrer could properly have been sustained to the legal cause of action, if it had been separately stated, we proceed to consider whether it could also have been sustained as to the equitable cause of action, if it had been separately stated. This question is conclusively disposed of by the case of *Bomar* v. *Means,* 37 S. C., 520, in which the Court uses this language: "Four several creditors united as plaintiffs to bring an action in equity to set aside certain mortgages, bills of sale, and a judgment confessed, alleged to be fraudulent and void as to creditors. It is true, that such a proceeding, called a creditor's bill, is usually brought in the name of one creditor for himself and such others as will come in and contribute to the expenses. But I do not understand that where several judgment creditors go on the record as plaintiff, it is a misjoinder of plaintiffs of which the defendant debtor, or those who claim under him, have any right to complain. The judgment creditors do not thereby make themselves partners with the other creditors, or claim that they have a joint interest in the cause of action, but that, as creditors, they are separate and distinct, having an interest in common to set aside

fraudulent conveyances of their common debtor which stand in the way of their being paid according to their respective priorities." This principle is fully sustained in 5 Enc. of Pl. & Pr., pages 536-538, and notes to said pages. There is an elaborate discussion of this subject by Chancellor Johnston, in *Johnston* v. *S. W. R. R. Bank*, 3 Strob. Eq., 334-339.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed.