### 8101

### FIRST NATIONAL BANK OF RICHMOND v. BADHAM.

1. JUDGMENT FOR APPEAL COSTS and disbursements should not be set aside in part on the ground that the prevailing party had collected such part from one interested in the litigation, but not a party.

2. IBID.—WAIVER.—Accepting a check for part of a judgment not set aside, if not accepted as accord and satisfaction of the whole judgment, is not a waiver of the right to appeal from the order setting aside part of the judgment. Under evidence here, the Court finds the check was not accepted in accord and satisfaction.

Before COPES, J., Richland, April, 1911. Reversed.

Action by First National Bank of Richmond, Indiana, against V. C. Badham. Plaintiff appeals from order setting aside judgment in part for appeal costs.

*Messrs Lyles & Lyles,* for appellant, cite: *Court has no jurisdiction to set aside the judgment:* 11 Ency. P. & P. 161, 164; 1 Green's Digest Am. St. R. 976.

*Mr. D. W. Robinson,* contra, cites: *Party should only tax such costs as he has incurred:* 47 S. C. 163; 43 S. C. 263; Code of Proc. 132, 142, 133; 6 S. C. 184; 48 S. C. 592; 56 S. C. 316; 28 S. C. 561. *Remedy pursued is the proper one:* 56 S. C. 19; 52 S. C. 307; 17 S. C. 452; 19 S. C. 557. *The order is not appealable:* 56 S. C. 19, 29; 17 S. C. 452; 51 S. C. 409; 71 S. C. 444. ·*Plaintiff could not take the check and then appeal:* 58 S. C. 570; 57 S. C. 441; 51 S. C. 315. *Accepting check as offered is complete settlement:* 82 S. C. 283; 41 S. E. 6; 29 S. E. 943; 29 L. R. A. (N. S.) 208; 27 Id. 441; 51 Am. St. R. 695; 161 Ill. 339; 188 Mo. 623; 16 S. C. 214; 1 Cyc. 329; 1 Ency. 415; 10 S. C. 440; 178 U. S. 365; 61 S. C. 457. *If plaintiff desired to prosecute its appeal, it should have returned the check:* 61 S. C. 455; 63 S. C. 297.

February 23, 1912. The opinion of the Court was delivered by

MR. JUSTICE WATTS. This is an appeal from the order of the Court of Common Pleas for Richland county, setting aside in part a judgment in favor of the plaintiff against the defendant, for the costs of an appeal to the Supreme Court. The action was commenced some years ago, upon two promissory notes made by Samuel J. Huffman, of Richland county, South Carolina, and endorsed and delivered by him before maturity, to the Richmond City Mill Works, of Richmond, Indiana, and upon its first trial resulted in a judgment for the defendant. The plaintiff appealed, and said judgment was reversed, and a new trial granted. Plaintiff gave notice of taxation of costs, and a judgment for said costs was duly entered and recorded, in the office of the said clerk of the Court of Common Pleas, for Richland county, with cross references, as provided in Rule 40 of the Rules of the Circuit Court. Said judgment amounted to three hundred forty-four dollars and forty cents ($344.40) and was entered on the 4th day of August,

1910, the judgment roll being on said day filed in the office of said clerk of court, for said county, and the number of the roll is 9642. On the 12th day of December, 1910, the defendant served and filed a notice of motion to set aside said judgment, upon the grounds set forth in the petition and affidavit attached to the notice, which were: "That at the time said judgment was taken and entered, the defendant supposed that the said costs and disbursements making up the same, had been advanced and paid by the plaintiff and that the same were due to the plaintiff; that since the entry of said judgment and within the past few days, to wit, on the 11th day of December, 1910, this defendant has ascertained, through copies of the records of the Circuit Court, of Wayne county, State of Indiana, which has been duly certified, in accordance with the acts of congress, and are in his possession, that the costs of preparing and printing the record on appeal of this action were furnished and paid by Henry S. Burns, receiver, of the Richmond City Mill Works, and not by said plaintiff bank, and that said costs and disbursements are not due said plaintiff bank, but if they are due to any one, are due to the said Richmond City Mill Works." The motion came up before Hon. Robert E. Copes, Circuit Judge, who thereafter filed his order, finding among other things as follows: "That two hundred and fifty ($250.00) dollars of the costs and expenses taxed against the defendant, as part of said Supreme Court costs, and for which judgment was entered against said defendant, by the clerk of this Court, under Rule XL, of the Circuit Court, on August 4, 1910, being judgment roll No. 9642, was furnished and paid by the Richmond City Mill Works, and not by the plaintiff. Indeed the plaintiff has not denied these allegations, or offered anything in reply or explanation thereof, and this seems to be practically an undisputed fact. So far as the Richmond City Mill Works is concerned, the defendant claims he has a good defense as to any claim which might or could be brought against him, and that said

Richmond City Mill Works is indebted to said defendant in a much larger sum, but has no assets in this State. The main case was also tried before me, and on that trial an agreement, signed by counsel for both parties, was introduced in evidence, showing that the Richmond City Mill Works went into the hands of a receiver, in March, 1907, and that such receiver filed his final report on October 26, 1908.

"I am of the opinion, and so find, that the plaintiff has not expended the said sum of two hundred and fifty ($250.00) dollars of said costs, so taxed and entered, and is therefore not entitled to have judgment for, and to receive, the said two hundred and fifty ($250.00) dollars under Rule XL of the Circuit Court of this State; and further that the defendant is entitled to relief from so much of said judgment as embraces the said sum of two hundred and fifty ($250.00) dollars, under sec. 195, vol. 2, part 1 of the Code, and therefore, ordered and adjudged: That the judgment heretofore rendered and entered in this Court, by the clerk thereof, on August 4, 1910, being judgment roll No. 9642, in favor of the plaintiff and against the defendant, be, and the same is hereby, set aside and vacated as to two hundred and fifty ($250.00) dollars thereof, but retained in full force and effect as to eighty-four dollars and forty cents ($84.40) thereof."

The action in which judgment for costs was rendered was upon two promissory notes, made by Samuel J. Huffman, dated July 12, 1907, payable to order of V. C. Badham, one for seven hundred and eighty-five dollars, payable on January 1, 1908, and the other for seven hundred and ninety dollars, payable on February 1, 1908. These notes were both endorsed before maturity, and delivered by Badham to the Richmond City Mill Works, of Richmond, Indiana, and were likewise endorsed before maturity, and delivered to the plaintiff, the First National Bank, of Richmond, Indiana. Both Samuel J. Huffman and V. C. Badham were residents of the State of South Carolina, and the

notes sued on contained a reservation of title to the property. The Richmond City Mill Works, not being a resident of South Carolina, could not be made a party to the action here, upon these notes. The action in which judgment in question was rendered, was commenced in 1905. While action was pending it appears by proof, furnished by Badham himself, that the Richmond City Mill Works became insolvent, and that the receiver of that corporation, on January 8, 1908, paid to the plaintiff eight hundred ($800.00) dollars on account of these claims, and on November 4, 1908, paid a final dividend of two hundred seventy-nine dollars and sixty cents ($279.60). It also appears that on June 10, 1907, the plaintiff made demand on the receiver of the Richmond City Mill Works, for two hundred and fifty ($250.00) dollars to pay the cost of printing "Case" for appeal to this Court, which resulted in the reversal of a judgment for the defendant, and a new trial of the cause. This amount was paid over to the plaintiff, the First National Bank, and the plaintiff having obtained a new trial, in the Supreme Court, duly taxed its costs and entered judgment therefor.

The plaintiff appeals from the order of Judge Copes, and questions the right of the Circuit Judge to vacate the judgment, which has been duly entered up for the plaintiff against the defendant, Badham, to the extent of two hundred and fifty ($250.00) dollars referred to. A few days after the order was made by Judge Copes, on April 19, 1911, the attorney for Badham forwarded to the attorneys for plaintiff, a check for eighty-four dollars and forty cents ($84.40), given by Dorchester Lumber Company, by V. C. Badham, treasurer, and endorsed by attorney for the defendant, being the amount specified in the order of Judge Copes to be paid by said defendant. The endorsement on the check, showed it was for the payment of costs in this case, and the letter accompanying the same explicitly states that it was "in payment of the balance of the judgment for costs,

of the Supreme Court, in this case, under and in accordance with the order made by Judge Robert E. Copes, on Saturday last, the 15th inst., copy of which you have. I will thank you to mark this judgment satisfied, in accordance with that order." This check was collected by attorneys for the plaintiff, who subsequently appealed from the order of Judge Copes, attorney for Badham gave notice that he would move to sustain Judge Copes' order, and dismiss the appeal on the ground that the attorneys for plaintiff accepted, retained and used this check after receiving it, with the letter, and by so doing the judgment was satisfied, and plaintiff precluded from appealing, from said judgment by said acts.

Did Judge Copes have the right to vacate the judgment, which had been duly entered up for the plaintiff against the defendant, Badham, to the extent of two hundred and fifty ($250.00) dollars? We think not. It has been distinctly held in *Cunningham* v. *Cauthen,* 47 S. C., page 168, 25 S. E. 87, 35 L. R. A. 238; *Sullivan* v. *Latimer,* 43 S. C. 262, 21 S. E. 3, and other decisions of our Courts that the statutory provisions, as to costs of appeal to the Supreme Court were intended to allow such costs to the prevailing party in the appeal without regard to the final result of the action. The plaintiff having prevailed, in the Supreme Court, in the appeal was entitled to tax its costs and disbursements, and it made no difference where it got the money from, or who furnished it. That could not concern the defendant. The plaintiff was entitled to its costs and disbursements, under statutory provisions as to costs of an appeal, and defendant was liable.

As to the acceptance of the check by plaintiff's attorneys it was for the amount only not vacated, by the order of Judge Copes, and was not accepted in accord and satisfaction of the judgment. Judge Copes only undertook to reduce the judgment by two hundred and fifty ($250.00) dollars, and in express terms provided that, "it be retained in full force and effect as to eighty-four

dollars and forty-six cents thereof." The judgment was uneffected as to that extent, and gave the plaintiff the right to demand that amount from the defendant, and there is no evidence to justify us, in holding that the taking of this amount, adjudged and admitted to be due, was a waiver of the additional amount which it was claimed had been erroneously stricken from the judgment.

The judgment appealed from is reversed.