11321

CITIZENS BANK v. DAVIS *ET AL.*

(119 S. E., 580)

1. REFERENCE—ACCEPTANCE OF MASTER'S SUGGESTION AS TO RESUB-MITTING CASE WITHIN CIRCUIT COURT'S DISCRETION.—The acceptance or rejection of a master's suggestion as to resubmitting the case is a matter that rests wholly in the sound discretion of the Circuit Court.

2. APPEAL AND ERROR—PLAINTIFF NOT PREJUDICED BY RULING COR-
RECTING MASTER'S REPORT INSTEAD OF RESUBMITTING IT.—Where, after
a Master had filed his report, he recommended that the cause be
resubmitted for consideration of the question whether the judg-
ment should be in *personam,* the Circuit Judge declined to recom-
mit but the Master's finding that plaintiffs were entitled to a
personal judgment was overruled, and the contrary adjudged,
plaintiff was not prejudiced by the refusal to recommit.     .  .

3. MORTGAGES—DECREE THAT PLAINTIFF HAVE JUDGMENT FOR THE
PROPERTY HELD NOT JUDGMENT FOR POSSESSION OF LAND.—A decree
in a foreclosure action that plaintiff have judgment against de-
fendants for the property subject to this action *held* merely to
exclude the idea that a personal judgment was intended, and
not to give plaintiff judgment for possession of the land but to
provide for satisfaction by sale pursuant to Civ. Code 1922, § 5223.

4. APPEAL AND ERROR—DECREE MODIFIED SO AS TO REQUIRE ANY
BALANCE AFTER PAYING MORTGAGE TO BE PAID TO MORTGAGOR.—A
direction in a foreclosure decree, based on the assumption that
the land would not bring the amount of mortgage, that after
payment of counsel fees and costs the residue should be paid to
plaintiff, will be modified so as to state that any balance after
paying cost and the mortgage debt shall be paid to mortgagor.

Before BOWMAN, J., Dorchester, August, 1922. Affirmed
as modified.

Action by the Citizens Bank against John W. Davis and
Bessie Holt Davis. From a decree for plaintiff the defend-
ants appeal.

*Mr. R. Lon Weeks,* for appellants, cites: *Improper and
ineffective renunciation of dower:* 20 R. C. L., 334, Subd.,
16; 1 Bail., 421; 3 Code, 1922, Sec. 5234; 77 S. C., 246.
*Error to dispossess mortgagor before sale:* 3 Code 1922,
Sec. 5223.

*Messrs. Milton S. Connor* and *Wolfe & Berry,* for
respondent, cite: *Inchoate right of dower cannot be en-
forced in lifetime of husband:* 94 S. C., 492. *Attorneys
fees within control of Court:* 84 S. C., 458.

November 2, 1923.

The opinion of the Court was delivered by MR. JUSTICE
MARION.

The plaintiff bank brought action to foreclose two real estate mortgages given by the defendant, John W. Davis. In that action the said defendant and his wife, who intervened therein, set up the defenses (1) that the debt secured by one of the mortgages had been paid, (2) the defendant, John W. Davis, had been adjudicated a bankrupt, and hence no personal judgment could be taken against him, and (3) that the inchoate right of dower of the defendant, Bessie Holt Davis, had not been renounced. The cause was referred to the Master of Dorchester County, who after holding references and taking "all testimony that was offered by both plaintiff and defendant," filed his report, finding against defendants upon each of the alleged defenses. Thereafter the Master filed a supplementary report, stating that he had failed to consider certain matters, omission to consider which had done defendants an injustice, and recommending that the cause be resubmitted to him "for further consideration and for the purpose of taking further testimony on such matters, if it be determined proper," chief among which "is the question raised by the averment of John W. Davis' answer that there should be no judgment in *personam.* The defendant having excepted to the original report, and the plaintiff to the supplementary report, the matter came on to be heard by his Honor, I. W. Bowman, Circuit Judge, who declined to recommit the case and filed his decree, confirming the Master's original report, except in the following particulars: (1) The Master's conclusion that the plaintiff was entitled to a personal judgment was overruled and the contrary adjudged; and (2) plaintiff's counsel fee of 10 per centum of the amount due on the mortgages as found by the referee was reduced to and fixed at 5 per centum of such amount. From the decree of Judge Bowman, the defendants have appealed upon exceptions which, in substance, raise the following points:

(1) That the Circuit Judge committed prejudicial error in not recommitting the case to the Master as recommended in his supplementary report. The ac-

ceptance of the Master's suggestion as to resubmitting the case was a matter that rested wholly in the sound discretion of the Circuit Court. There is no intimation in the record that the defendants were deprived of an opportunity to present any competent and material evidence. On the contrary, it appears that the Master's first report was made after the taking of all testimony offered by the defendants. Whether the Master's findings and conclusions were the result of due consideration or otherwise was wholly immaterial to the Circuit Judge, whose prerogative and duty it was to determine the correctness of the Master's findings and conclusions by passing on all issues and contentions for himself. Even if that were not so, the defendant John W. Davis' contention as to the personal judgment, the only matter specifically suggested by the Master as a reason for recommittal, was sustained by the Circuit Court; the record affords not the slightest basis for an inference that the appellants were in any wise prejudiced by the action of the Circuit Judge.

(2) That the Circuit Judge erred in not sustaining "exception of J. W. Davis to the Master's report as to the payment of mortgages representing indebtedness of $2,000." The point sought to be made is not clear, and the exception as framed is too general for consideration. But, if intended to question the correctness of a concurrent finding of fact by the Master and the Circuit Judge, appellants have wholly failed to discharge the obligation of showing that it is contrary to the manifest weight of the evidence.

(3) That there was error (a) in decreeing that the plaintiff "have judgment against the defendants for the property subject to this action," and (b) in directing that out of the proceeds of the sale of the land ordered to be sold "the Master do first pay the costs and disbursements of this action, including a counsel fee of 5 per cent of the purchase price for which the property is sold, and (c) that the residue

of the proceeds of said sale be paid to the plaintiff or its attorney."

As to (a), the expression "have judgment against defendants for the property subject to this action" was evidently employed merely to exclude the idea that a personal judgment was intended. Having definitely adjudged that the plaintiff was not entitled to a personal judgment against the defendant, J. W. Davis, the manifest intent and purpose of the Court, as disclosed by the decree as a whole, was to adjudge that the plaintiff was entitled to recover satisfaction of its mortgage debt out of the land subject to the mortgages by the foreclosure thereof and the sale of the mortgaged premises, pursuant to the provisions of Section 5223, Civ. Code 1922. The foreclosure and sale were accordingly ordered, and provision made for the disposition of the proceeds of such sale. The decree, therefore, may not properly be construed to give the plaintiff judgment for the possession of the land.

As to (b), the direction that out of the proceeds of sale the Master shall first pay costs and disbursements, "including a counsel fee of five (5) per cent of the purchase price" for which the property is sold, and (c), the direction, "that the residue of the proceeds of said sale be paid to the plaintiff or its attorney," these directory provisions of the decree were obviously inserted under the assumption that the land would not bring the amount of the mortgage debt. But such assumption, for the purpose of adjudicating the rights involved, was manifestly improper, and the directions based thereon erroneous. Pursuant to the judgment rendered, the directions of the decree in the particulars mentioned should be, and are hereby, modified to provide (1) that the counsel fee to be paid as part of the costs and disbursements shall be 5 per centum of the amount of principal and interest due on the mortgage debt, and (2) that the residue of the proceeds of sale shall be applied to the payment in full of the plaintiff's mortgage

debt and any balance thereafter remaining paid to the defendant, John W. Davis, the mortgagor.

It is accordingly adjudged that the Circuit Decree be modified in the particulars hereinabove indicated, and that in all other respects it be affirmed.

Modified.