### 11807

### CITIZENS BANK v. DAVIS *ET AL.*

(128 S. E., 857)

1. PLEADING—DEMURRER TO ANSWER STATING SEPARATE AND INDEPENDENT DEFENSES HELD PROPERLY SUSTAINED AS TO PART ONLY OF SUCH DEFENSES.—Where answer stated three separate and independent defenses, a demurrer to it as a whole was in effect directed against each defense and could be properly sustained as to one or more of them.

2. APPEAL AND ERROR—MORTGAGOR·APPEALING FROM DECREE OF FORECLOSURE HELD LIABLE FOR LOSS OF USE OF PREMISES PENDING APPEAL, THOUGH SUCCESSFUL IN OBTAINING MODIFICATIONS OF DECREE.— Mortgagor appealing from decree of foreclosure *held* liable under appeal bond for loss of use of premisses pending appeal, notwithstanding he was successful on such appeal to extent of obtaining modifications in administrative part of order appealed from and on such appeal recovered costs, since virtual effect of decision was an affirmance.

Before HENRY, J., Dorchester, August, 1924.   Affirmed.

Action by the Citizens Bank against John W. Davis and others.   Judgment for plaintiff and defendants appeal.

*Mr. R. Lon Weeks,* for appellants, cites: *Formalities of renunciation of dower:* 20 R. C. L., 334; 1 Bail., 421; 77 S. C., 246; Civ. Code, 1922, Sec. 5234. *Title to mortgaged premises:* Civ. Code, 1922, Sec. 5223.

*Messrs. Milton S. Connor* and *Wolfe & Berry,* for respondent, cite: *Inchoate dower right:* 94 S. C., 492. *Counsel fees in foreclosure suit:* 84 S. C., 458.

July 22, 1925.

The opinion of the Court was delivered by MR. ACTING ASSOCIATE JUSTICE R. O. PURDY.

The respondent commenced an action against the defendants for the foreclosure of mortgages upon real estate described in the complaint, which action resulted in a decree for the foreclosure of the mortgages and the sale of the real estate. From this decree, the defendants gave notice of appeal, and in order to prevent the sale of the premises pending the appeal, executed an undertaking which, among other things, provided that if the judgment be affirmed, they would pay to the plaintiff the value of the use and occupation of the property from the date of the undertaking until the delivery of the property pursuant to the judgment, not exceeding $500.

The result of the appeal was the modification of the decree in two particulars, as will be found by reference to the judgment. 126 S. C., 175; 119 S. E., 580.

The plaintiff, claiming that the result of the appeal was the affirmance of the judgment brought suit on the bond. The defendants by their answer interpose three defenses. The first is a general denial of the allegations of the complaint, except such as are afterwards, in the answer, admitted to be true. The second defense admits the entering into the undertaking, and sets up the judgment of this Court as a bar, alleging that the judgment was not affirmed but was specifically reversed. The third defense admits that the defendants entered into the undertaking referred to, and alleges that the costs and disbursements were taxed against

the respondent in favor of the defendants, and that no objection was made upon the ground that the Supreme Court had affirmed the judgment, and that there was no appeal from such taxation of costs, and that the rights of the parties had been thereby adjudicated on the issue of taxing costs, and that the respondent is now estopped from maintaining this action. To this answer the respondent interposed a demurrer upon the ground that the answer presents only questions of law, that is to say: (1) Whether the Circuit Court was affirmed, nodified, or reversed. (2) Whether or not the modification as a matter of law affected the right to recover rental value of the premises during the appeal for which purpose the appeal bond was given to secure the plaintiff against loss during the appeal. On hearing the demurrer, his Honor, Judge Henry, sustained it as to the second and third defenses, and ordered them stricken out as not stating facts sufficient to constitute a defense, but overruled the demurrer as to the first defense. The defendants have appealed on five exceptions.

The first exception imputes error to his Honor, Judge Henry, in sustaining the demurrer in part, when it was directed against the defendants' answer as a whole, which contained three separate and distinct defenses. In support of these exceptions, counsel for appellant cites: 31 Cyc., 331. *Bomar v. Means,* 37 S. C., 520; 16 S. E., 537; 34 Am. St. Rep., 772. *Buist v. Salvo,* 44 S. C., 143; 21 S. E., 615. *Lawson v. Gee,* 57 S. C., 502; 35 S. E., 759. *Sloan v. Seaboard & R. R. Co.,* 64 S. C., 389; 42 S. E., 197; and *Ferst et al. v. Powers et al.,* 64 S. C., 221; 41 S. E., 974.

An examination of these authorities does not support the first exception. The demurrer is to the answer as a whole. The pleader, by his answer, has set out each defense with exceptional thoroughness. The demurrer to the entire answer is based upon the same grounds, and therefore, as the whole answer is made up of the defenses contained in it, the demurrer is directed against each de-

fense, and, as each defense is complete and is separately stated, and stands by itself, the demurrer stands as though interposed to each defense separately. An examination of these authorities will show that they have no application to a demurrer to a cause of action or a defense which is complete in itself, but relate to cases in which there is a commingling of statements, some of which have no connection with the cause of action or defense sought to be set up, or have relation to some other cause of action or defense. In these cases, the learned Chief Justice has pointed out the remedy. In the one case it will be by a motion to strike out the irrelevant or redundant matter, and in the other case, by a motion to require the pleader to separately state his causes of action or defenses. One of the authorities cited shows, for instance, that a demurrer to a complaint will not lie where legal and equitable causes of action are commingled in one complaint, and that if a demurrer be good as against a legal cause of action, it will not be sustained if not also good against an equitable cause of action. Such is not the case here. The answer in this case, as stated, has three separate and independent defenses, each complete in itself. As the first defense contains a general denial, which raises issues to be settled, it is manifest that there was no error on the part of his Honor in not sustaining a demurrer as to it.

The second and third defenses are based upon conclusions of law, that is to say, upon the construction of the decision of the case on the former appeal, 126 S. C., 175; 119 S. E., 580, and each defense is therefore to be construed just as though the entire decision of this Court in the former appeal were embraced in it. This brings us to a consideration of the effect of the decision of this Court in that case.

While, as a matter of law, the modifications contained in the decision carry costs to the prevailing party, yet the modifications in the administrative part of the order do not

vitally affect the judgment and, by the very terms of the decision of the Court, the real judgment in the case is affirmed; and, besides, the liability of the parties under the appeal bond should be construed in the light of whether the judgment was affirmed or reversed—in other words, there would have to be a reversal of the judgment, in order to relieve the appellants in this case from responsibility on their undertaking.

The main object of this suit is the foreclosure of the mortgages, and not the obtaining of a personal judgment. Any judgment that may have been given, and any disposition of the fund, is administrative in its character, and the settlement of the matters of attorney's fee and disposition of the surplus were things to be disposed of within the main judgment. It is well settled that the prevailing party is entitled to have cost taxed in his favor, but the party who prevails, in that sense, may yet have a judgment affirmed as against him, and yet he has prevailed on some issues raised, so that he may have costs taxed in his favor. As, for instance, in the case of *Sullivan v. Latimer,* 43 S. C., 262, at page 264; 21 S. E., 3, this Court said:

"So in the case at bar, the plaintiffs, Charles M. Sullivan and Thomas J. Sullivan, have succeeded in modifying the judgment appealed from, and although all their grounds of appeal were not sustained, some of them were, and thus they become 'the prevailing parties.' "

While it is true that the case of *Salley v. Railway,* 79 S. C., 388; 60 S. E., 938, was a case at law, it tends to throw light on the point now in issue. There the plaintiff recovered judgment against the defendant before a magistrate for $2 damages and $40 statutory penalty, and this Court, on appeal from the Circuit Court, rendered judgment that the judgment of the Circuit Court be affirmed, with reduction of $5 of overcharge on the amount found as penalty. Each side, claiming to be the prevailing party, gave notice to taxation of the Supreme Court costs before the Clerk,

and judgment in favor of the plaintiff on such taxation was affirmed by the Circuit Court.   This Court, in disposing of of the matter, said:

"The question presented is, which party is entitled to costs as prevailing party?   This is a case at law and the Court can only affirm or reverse, and has no power to modify as in equity cases. *Hosford v. Wynn,* 22 S. C., 313.   The judgment of this Court, therefore, in terms and in legal effect was substantially a judgment of affirmance. Of course, it cannot be said that defendant prevailed in reversing the judgment   Where the case is one in equity and the appellant succeeds in substantially modifying the decree, costs may be allowed him as prevailing party. *Sullivan v. Latimer,* 43 S. C., 262; 21 S. E., 3.

"The judgment in this case, if it is not to be strictly construed as an affirmance of the judgment appealed from, bears analogy to cases at law in which a new trial *nisi* has been granted, but judgment to stand affirmed upon remitting the amount designated by the Court, in which case, if the remittance is made and judgment stands affirmed for the reduced amount, the party whose judgment stands affirmed is the prevailing party and entitled to costs of appeal. *Stepp v. Association,* 41 S. C., 206; 19 S. E., 490. *Young v. Cohen,* 44 S. C., 376; 22 S. E., 409."

So we see that a judgment may be modified and a litigating party may get the benefit of it to the extent that it is modified, and also have costs taxed in his favor and yet, at the same time, have the judgment affirmed as against him.

Therefore, in this case, the result of the former appeal was to leave the judgment for the sale of the land intact, but modifying other parts of the judgment so that there was a different basis for calculating attorney's fees and providing that the surplus should be paid to the mortgagor. The main object was to procure the sale of the land, and this part of the judgment was in no way disturbed, save

that the time of the sale was delayed by the appeal, and as against the consequences of this delay, the undertaking was given, and upon the affirmance of the judgment of sale the defendants have become liable upon their undertaking to such an extent as may be determined on the trial of the issues raised by the complaint and the answer as it now stands, with its second and third defenses stricken out.

The judgment of the Circuit Court is affirmed.

MESSRS. JUSTICES COTHRAN and MARION concur.

MR. JUSTICE COTHRAN (concurring): I think that the modification of the decree of foreclosure by this Court, by the opinion found in 126 S. C., 175; 119 S. E., 580, was too trivial to deprive the opinion of its character as an affirmance of the decree; it amounted to a substantial affirmance; therefore the defendants are liable upon their appeal bond.

The facts in the main cause are set forth in the opinion above referred to and need not be here repeated. It is sufficient to say that the action was for the foreclosure of certain mortgages, to which the defendants mortgagors set up various defenses, none of which were sustained by the trial Judge, who decreed a foreclosure and sale of the premises. The defendant appealed to this Court upon exceptions which raised certain questions, none of which were sustained by the Court except those which suggested error in allowing the attorneys for the mortgagee 5 per cent. commissions or fees upon the purchase price of the property, instead of upon the amount due upon the mortgage, and directing that the surplus proceeds of sale be paid to the mortgagee or its attorneys, instead of directing that after the payment of the costs and expenses the residue of the proceeds of sale be applied to the plaintiff's mortgage and the balance if any be paid to the mortgagor.

As the Court observes: "These directory provisions of the decree were obviously inserted under the assumption that the land would not bring the amount of the mortgage

debt"—an assumption which subsequent events have justified.

In order to prevent an immediate sale of the property, the defendants executed the appeal bond which has been sued upon in this case. The bond obligates the makers not to "commit or suffer to be committed any waste to or upon or in respect to the said property during the pendency of the said appeal and their possession thereof, and that if the judgment be affirmed they will pay to the plaintiff the value of the use and occupation of the said property from the date of this undertaking until the delivery of possession thereof pursuant to the judgment."

The main object of the appeal was to reverse the decree of foreclosure, which would prevent a sale and delivery of the possession of the property from the owners to the purchaser at such sale. In this the appellants failed. The heart of the bond was that if they failed in this object they would pay to the mortgagee rent in the meantime.

I think that they should be required to respond to the spirit of their obligation, and not slip through the meshes of the law upon directory errors which as events have shown did not make the slightest difference to them.

MR. CHIEF JUSTICE GARY (dissenting): This is an action upon the following bond:

"Whereas, the Citizens' Bank, plaintiff in the above-entitled cause, commenced its action against the defendant in the above-entitled cause on the 2d day of March, A. D. 1922, and such proceedings were had as resulted in a decree for the foreclosure of the mortgages upon the real estate described in the said complaint and the sale of the said property, and the defendants gave due notice of appeal to the Supreme Court from said decree on the 16th day of August, A. D. 1922, now therefore:

"Know all men by these presents, that we, John W. Davis and Bessie Holt Davis, principals, and Alma McCoy Johnson and L. B. Simons, securities, do hereby undertake

and agree to pay to the Citizens' Bank, plaintiff in the above-entitled cause, the sum of five hundred dollars ($500-.00).

"The condition of the above undertaking is such that if the said John W. Davis and Bessie Holt Davis, defendants above named, will not commit or suffer to be committed any waste to or upon or in respect to the said property during the pendency of the said appeal and their possession thereof, and that if the judgment be affirmed they will pay to the plaintiff the value of the use and occupation of the said property from the date of this undertaking until the delivery of possession thereof, pursuant to the judgment, not exceeding the sum of five hundred dollars ($500.00), fixed by the Judge of the Court by which judgment was rendered, then this obligation shall be null and void, otherwise it shall remain in full force and effect.

"In witness whereof we hereunto set our hands and seals this 16th day of August, 1922.

> "Jno. W. Davis.
> "Bessie Holt Davis.
> "Alma McCoy Johnston.
> "L. B. Simons.

"Signed, sealed and delivered in the presence of: R. Lon Weeks.    P. M. Minus."

There was a former appeal in this case which is reported in 126 S. C., 175; 119 S. E., 580; and the practical question now before this Court is whether the judgment then rendered can be construed to "affirm" the judgment of the Circuit Court in that case.

We quote as follows from the opinion of the Court on the former appeal:

"Pursuant to the judgment rendered, the directions of the decree in the particulars mentioned should be, and are hereby, modified to provide (1) that the counsel fee to be paid as part of the costs and disbursements shall be 5 per centum of the amount of principal and interest due on the mortgage

debt, and (2) that the residue of the proceeds of sale shall be applied to the payment in full of the plaintiff's mortgage debt and any balance thereafter remaining paid to the defendant, John W. Davis, the mortgagor.

"It is accordingly adjudged that the Circuit decree be modified in the particulars hereinabove indicated, and that in all other respects it be affirmed.

"Modified."

It will thus be seen that the judgment was not "affirmed," but was modified in several material respects. This is the only ground upon which the respondent relies to show that there was a breach of the bond, which was not sufficient for that purpose.

It is a significant fact that the costs of the former appeal were taxed in favor of the appellants, and there was no appeal from the taxation, for the reason, no doubt, that the judgment of the Circuit Court was modified, and not "affirmed."

MR. JUSTICE WATTS concurs.