## 11522

### WHITE v. DOUGLAS

#### (122 S. E., 259)

Mortgages—Within Discretion of Trial Judge, Personal Judgment May be Given at Time of Foreclosure or Await Sale.—Code Civ. Proc. 1922, § 430, subd. 2, does not purport to give discretion to Circuit Judge as to amount of foreclosure judgment, but simply as to whether personal judgment should be given at time of foreclosure judgment or· await report of Master's sale.

Before Henry, J., Chester, May, 1923. Affirmed.

Action in foreclosure ·by W. C. White against R. L. Douglas. Judgment for plaintiff, and defendant appeals.

*Mr. M. L. Marion,* for appellant, cites: *Granting of personal judgment is not obligatory:* Code Proc. 1922, Sec. 430; 121 S. C., 418; 114 S. C., 250; 119 S. C., 81; 119 S. E., 580. *Granting of personal judgment was abuse of discretion:* 103 S. C., 299; 47 S. C., 498; 43 Ala., 303; 36 Mo., 263; 18 C. J., 1136.

*Messrs. Hemphill & Hemphill,* for respondent, cite: *Personal judgment proper:* 39 S. C. L., 266; 31 S. C. Eq., 532; 8 S. C. Eq., 220; 30 S. C., 499; 4 L. R. A., 205; 106 S. C., 342; 114 S. E., 409.

June 6, 1924.

The opinion of the Court was delivered by Mr. Justice Fraser.

This is an action to foreclose a mortgage. The mortgage was a second mortgage. The first mortgagee was made a party. ·At the time of granting the order of foreclosure the Court granted also personal judgments ·against the defendant for the amount due on the mortgage debts. From this judgment the defendant appeals on the ground that it was an abuse of discretion to grant the personal judgment under subdivision 2, § 430, Code of Civil Procedure, 1922, which reads:

"The Court shall also have the power to render judgment against the parties liable for the payment of the debt secured by the mortgage and to direct at the same time the sale of the mortgaged premises."

The old practice was to grant an order of sale of the mortgaged premises. The amount derived from the sale was credited on the mortgage debt and a personal judgment given for the deficiency. This statute simply allows the Court in its discretion to grant the personal judgment at the time of giving the judgment for foreclosure. It was never contemplated that the statute gave the Court a discretion to grant judgment for only $5,000.00 upon a bond for $10,000.00. This statute did not purport to give a discretion to the Circuit Judge as to the amount of the judgment, but simply as to whether the personal judgment should be given at the time of the judgment of foreclosure or to await the coming in of the Master's report of sale. The appellant has shown no valid reason why the judgment should have been given for a smaller amount, or why the personal judgment should not have been given at the time of the order of foreclosure and sale.

The judgment is affirmed.

MESSRS. JUSTICES WATTS, COTHRAN·and MARION concur.

MR. CHIEF JUSTICE GARY did not participate.

MR. JUSTICE MARION (concurring) : The opinion of Mr. Justice Fraser correctly states and defines the limits of the Circuit Court's discretionary power, under subdivision 2, § 430, Code Civ. Proc. 1922, with respect to rendering personal judgment in a foreclosure proceeding. The point involved in *Berry v. Caldwell*, 121 S. C., 418; 114 S. E., 405, was whether the Circuit Judge should be held to have committed reversible error of law in failing to render a personal judgment at the time the decree of foreclosure was rendered. In *Citizens Bank v. Davis* (S. C.), 119 S. E., 580, personal judgment in a foreclosure proceeding could not be allowed, for the reason that the mortgage debtor had been adjudi-

cated a bankrupt. The contention that the doctrine of *Schmid v. Whitten,* 114 S. C., 250; 103 S. E., 553, and *Sumner v. Bankhead,* 119 S. C., 81; 111 S. E., 891, may be soundly extended to the withholding of personal judgment in a proceeding to foreclose a mortgage founded upon a speculative land transaction is manifestly untenable, even if the validity of the theory applied in those cases be conceded. That doctrine was expressly limited to the withholding of the equitable remedy of specific performance, leaving the parties to their remedy at law. Here the legal remedy is the personal judgment.