## GAY *v.* PARPART.

1. Where an appeal has been taken to this court the condition of the bond that the appellants "shall duly prosecute their said appeal with effect, and, moreover, pay the amount of costs and damages rendered and to be rendered in case the decree shall be affirmed in said court," meets all the requirements of Sect. 1000 Rev. Stat.
2. In such a case the court will not entertain a motion by the appellee to affirm the decree appealed from.

MOTION to vacate the *supersedeas* and dismiss an appeal from the Circuit Court of the United States for the Northern District of Illinois.

*Mr. George Herbert* and *Mr. Lawrence Proudfoot*, in support of the motions.

*Mr. Lyman Trumbull, Mr. Edward S. Isham* and *Mr. Robert T. Lincoln, contra.*

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

These motions are founded on an alleged defect in the form of the condition of the bond. By sect. 1000 Rev. Stat., the security to be taken on a writ of error or an appeal, where the writ or the appeal is a *supersedeas* and stays execution, must be "that the plaintiff in error or the appellant shall prosecute his writ or appeal to effect, and, if he fails to make his plea good, shall answer all damages and costs." The condition of the bond in this case is, that the appellants "shall duly prosecute their said appeal with effect, and, moreover, pay the amount

of costs and damages rendered and to be rendered in case the decree shall be affirmed in said Supreme Court."

The object of the statutory requirement undoubtedly is to secure to the opposite party his damages and costs, in case the judgment or decree shall not be reversed, and that, we think, is the legal effect of this bond. If, on the final disposition of a writ of error or appeal, the judgment or decree brought under review is not substantially reversed, it is affirmed and the writ of error or appeal has not been prosecuted with effect. In our opinion the language of the bond covers fully all the requirements of the statute. The motions to dismiss the appeal and vacate the *supersedeas* are, therefore, overruled.

The appellee has coupled with a motion to dismiss, a motion, under Rule 6, to affirm, because it is manifest that the appeal was taken for delay only. Clearly this is not a case for the application of that rule.

*Motions denied.*