WILLIAM H. REHM

*v.*

ENOCK HALVERSON.

*Opinion filed June 19, 1902.*

1. PARTIES—*effect where only the surety on bond is served with process.* If suit is brought against the two obligors on an appeal bond, but only one, the surety, is served with process, and no appearance is entered for the principal, it is not error to take judgment against the surety alone.

2. SAME—*when the lessee need not be joined in suit of forcible detainer against sub-tenant.* If the original lessee sub-lets a portion of the premises, but subsequently surrenders his lease and possession and all claim to the premises, the lessor may bring forcible detainer against the sub-tenant without making the lessee a party.

3. BONDS—*when appeal is not prosecuted with effect.* An appeal from a judgment of restitution in forcible detainer before a justice of the peace is not prosecuted with effect, within the meaning of the appeal bond, where the judgment of the circuit court is for the restitution of the portion of the building actually occupied by the defendant whereas the judgment of the justice of the peace was for the recovery of the entire building, since the judgment of the justice is, in effect, affirmed.

4. SAME—*what proper proof of damages in suit on appeal bond.* If an appeal bond in forcible detainer provides that appellant shall pay all rent due and that may become due before the final termination of the suit and all damages and loss sustained by the plaintiff by reason of the withholding of the premises, it is proper, in an action on the bond, to show the value of the use and occupation of the building during the time it was withheld, in order to ascertain the plaintiff's loss and damage.

5. SAME—*effect if suit on bond before justice is docketed as assumpsit.* The fact that a suit before a justice of the peace on an appeal bond is docketed as a suit in assumpsit instead of in debt does not affect the right of the plaintiff to recover on the bond.

6. EVIDENCE—*when certified copy of judgment is properly admitted.* In an action on an appeal bond it is proper to admit in evidence a certified copy of the judgment for the purpose of establishing, *prima facie,* the identity of the judgment affirmed with that recited in the bond, without requiring a certified copy of all proceedings.

7. TRIAL—*parties may consent that civil suit shall proceed with eleven jurors.* In a civil suit, if, upon the opening of court after recess, only eleven jurors are present, it is not error to proceed with the trial if counsel expressly consent, in open court, to such action.

*Rehm* v. *Halverson,* 94 Ill. App. 627, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. CHARLES G. NEELY, Judge, presiding.

This is a suit, begun on April 12, 1899, by the appellee against the appellant, and one Gabriel Zaccone, upon an appeal bond, dated February 21, 1898, executed by Gabriel Zaccone as principal, and William H. Rehm as surety unto Enock Halverson in the penal sum of $1000.00, which bond was given upon an appeal to the circuit court from a judgment of restitution by a justice of the peace in a forcible detainer suit, brought by appellee against said Zaccone, the principal in the bond. The jury rendered a verdict on January 22, 1900, assessing the plaintiff's damages at the sum of $200.00. Motion for new trial was entered by appellant and overruled. A motion in arrest of judgment was also made and overruled, and exception taken to the order overruling the motion. On February 3, 1900, judgment for $200.00 was entered upon the verdict of the jury in favor of the plaintiff below, the present appellee. Exception was taken to the judgment, and an appeal was prayed to the Appellate Court. The Appellate Court has affirmed the judgment of the circuit court and granted a certificate of importance. The present appeal is from such judgment of affirmance.

On January 4, 1898, the appellee brought suit against Gabriel Zaccone before a justice of the peace, and on January 11, 1898, the justice rendered a judgment, finding that the defendant therein, G. Zaccone, was unlawfully withholding from the plaintiff, Enock Halverson, the possession of the premises, described as No. 57 Grand avenue in the city of Chicago. On the same day the defendant prayed an appeal, and his appeal bond was filed in the sum of $1000.00. The case was taken to the circuit court of Cook county upon a bond approved by the justice,

where, upon objections having been made to the bond, a new bond was given on February 21, 1898, signed by Zaccone and William H. Rehm, the appellant herein.

The condition of the appeal bond so filed, and dated February 21, 1898, is as follows: "The condition of the above obligation is such, that whereas the said Enock Halverson did on the 11th day of January, 1898, before Jarvis Blume, a justice of the peace for the county of Cook, recover a judgment against G. Zaccone for the restitution of certain premises described in the plaint, to-wit: the entire building known as No. 57 Grand avenue in the city of Chicago, county of Cook and State of Illinois, and costs of suit, from which said judgment the said G. Zaccone has taken an appeal to the circuit court of Cook county and State of Illinois. Now, if the said G. Zaccone shall prosecute his appeal with effect, and pay all rent now due, and that may become due, before the final termination of this suit, and all damages and loss, which the said plaintiff may sustain by reason of the withholding of the premises in controversy and by reason of any injury done thereto, during such withholding, together with all costs, until the restitution of the possession thereof to the plaintiff, in case the judgment, from which the appeal is taken, is affirmed or appeal dismissed, then the above obligation to be void, otherwise to remain in full force and effect." Zaccone remained in possession of the part of the property hereinafter named from the time of the beginning of the forcible entry and detainer suit until August 1, 1898, a period of seven months. On November 21, 1898, the case was tried upon appeal in the circuit court before a judge and jury. The jury returned a verdict as follows: "We the jury find the defendant guilty of unlawfully withholding on January 4, 1898, a part of the premises described in the plaintiff's complaint filed in this case, to-wit, the first floor and the one-half of the basement, containing one ice-box, of the building No. 57 Grand avenue in the city of Chicago."

Upon this verdict the circuit court entered the following judgment, to-wit: "This case coming on to be heard upon defendant's motion heretofore entered herein for a new trial in this case, after argument by counsel and due deliberation by the court, said motion is overruled and a new trial denied. Therefore, it is considered by the court that the plaintiff do have restitution of the following described premises, being in the city of Chicago, county of Cook, State of Illinois, known and described as follows, to-wit: the first floor and one-half of the basement, containing one ice-box, of the building No. 57 Grand avenue, in the city of Chicago, county of Cook and State of Illinois. And that a writ of restitution do issue therefor, and that plaintiff do have and recover of and from the defendant, G. Zaccone, his costs and charges in this as well as in the court below expended, and have execution therefor." From the judgment so entered by the circuit court an appeal was taken to the Appellate Court, and, there, the judgment of the circuit court was affirmed, as will be seen by reference to the case of *Zaccone* v. *Halverson*, 92 Ill. App. 661.

In the suit upon the appeal bond originally brought before a justice of the peace on April 12, 1899, no service was had on Gabriel Zaccone, the principal in the bond; service was had on William H. Rehm, the surety, alone. Judgment was rendered on June 30, 1899, against William H. Rehm.

SHERMAN & BURTT, for appellant.

JOHN C. EDWARDS, for appellee.

Mr. CHIEF JUSTICE MAGRUDER delivered the opinion of the court:

*First*—Upon the trial below appellant's counsel made a motion to dismiss this suit upon the appeal bond as against the appellant, upon the ground that there was

no service on Zaccone, and further, upon the alleged ground that the bond was a joint liability, and that Zaccone, the principal in the bond, not being served, judgment could not be rendered against Rehm, the surety, alone. We are of the opinion that the judgment was properly taken against the appellant alone.

Section 3 of chapter 76 of the Revised Statutes in relation to joint rights and obligations provides, that "all joint obligations and covenants shall be taken and held to be joint and several obligations and covenants." (2 Starr & Curt. Ann. Stat.—2d ed.—p. 2321). In *Coursen* v. *Browning*, 86 Ill. 57, it was held that, when suit is brought against the two obligors on an appeal bond, and only one is served with process, and no appearance is entered for the other, it is proper to take judgment against the one upon whom the service is had.

*Second*—The original lease was a lease, dated February 18, 1897, executed by the appellee to one Angelo Spano, leasing the premises known as Nos. 57 and 57½ Grand avenue, being the corner of Union street in Chicago, from March 1, 1897, until March 1, 1902. On February 20, 1897, Spano leased to Gabriel Zaccone the first floor and the one-half of the basement, containing one ice-box, being a part of the building 57 Grand avenue, from March 1, 1897, to February 28, 1902. Zaccone was thus a sub-tenant under Spano, the original tenant. It is claimed by the appellant, that neither the justice of the peace, nor the circuit court, had any jurisdiction to render a judgment in the forcible detainer suit against Zaccone alone without joining in that suit Spano, who was the original lessee, and under whom Zaccone entered. For this reason it is urged, that the circuit court did not have jurisdiction of the necessary parties in this suit on the bond. An instruction was asked by the appellant upon the trial below to the effect that there was such want of jurisdiction on account of the failure to join Spano with Zaccone in the forcible entry and detainer

suit. This instruction was refused, and its refusal is assigned for error.

The refusal of the instruction was not error, inasmuch as it ignores the fact, shown by the evidence, that appellee, the original lessor of Spano, had accepted from the latter a surrender of the lease before the forcible detainer suit was begun. It is not necessary to consider to what extent, if at all, Zaccone was deprived by such surrender of any rights, as between himself and Spano. It is sufficient that appellee found Zaccone in adverse possession of the premises. Appellee had the right to bring the forcible detainer proceedings against him alone. The fourth clause of section 2 of the Forcible Entry and Detainer act provides that, "when any lessee of the lands or tenements, or any person holding under him, holds possession without right after the determination of the lease or tenancy by its own limitation, condition or terms, or by notice to quit or otherwise," the person entitled to the possession may be restored thereto in the manner provided in the act. (2 Starr & Curt. Ann. Stat. —2d ed.—p. 1973). Spano no longer held the premises against appellee, inasmuch as he had surrendered his lease, and, therefore, it was not necessary to make him a party defendant to the forcible detainer proceedings. A judgment of restitution against Spano would have been unavailing, inasmuch as Zaccone was the only person, who held the premises against the appellee; and in order to enable the appellee to re-possess himself of the premises, it was only necessary to have a judgment of restitution against Zaccone. If the case was one, where the original lessee was still claiming or holding possession under his lease, a different question would be presented.

It is true that, under section 15 of the Forcible Entry and Detainer act, the original lessee may be joined as a defendant with the sub-tenant, or other person or persons, separately or severally holding or occupying the

premises. That section expressly authorizes the bringing of the action against the lessee with others, in whom the actual possession is divided at the commencement of the suit. It gives the landlord a joint action against his lessee, and those holding under him, whenever the under-tenant, or tenants, hold possession without right. (*Espen* v. *Hinchliffe*, 131 Ill. 468). Although the case of *Espen* v. *Hinchliffe, supra,* holds that, under section 15, the landlord has a joint action against his lessee and those holding under such lessee,. yet there is nothing in that case holding, that the action of forcible entry and detainer cannot be brought against the sub-tenant alone under the facts of this case, as above stated. In other words, the action is not required to be brought against the lessee jointly with those holding under him, where the lessee has surrendered possession and voluntarily left the occupancy of the premises, and makes no claim of right to possession.

*Third*—It is further claimed on the part of the appellant, that Zaccone prosecuted his appeal from the forcible entry judgment with effect, and that, therefore, there was no breach of the condition of the bond. This contention is based upon the fact, that the judgment of the justice of the peace in the forcible detainer suit was for the recovery against Zaccone of the entire building, known as No. 57 Grand avenue, while the judgment of the circuit court on appeal was for the restitution of only the first floor and one-half of the basement, containing one ice-box, of the building No. 57 Grand avenue. In other words, the judgment of the justice of the peace was for the whole building, and the judgment of the circuit court on appeal was for only a part of the building. For this reason, it is said that the appeal was prosecuted with effect. We are of the opinion, that there was an affirmance by the circuit court of the judgment for restitution, and that, therefore, the appeal was not prosecuted with effect.

Section 14 of the Forcible Entry and Detainer act provides that, "if it shall appear that the plaintiff is entitled to the possession of only a part of the premises claimed, the judgment and execution shall be for that part only, and for costs, and for the residue the defendant shall be found not guilty." (2 Starr & Curt. Ann. Stat.—2d ed.—p. 1985). This section 14 was in force at the time the appeal bond was given, and the bond, being a statutory one, will be considered to have the effect given by the statute, inasmuch as the statute enters into, and forms a part of the instrument. (*Hibbard* v. *McKindley*, 28 Ill. 240). It must be presumed that the bond was executed with reference to the provisions of the statute. The conditions of the bond, "if the said G. Zaccone shall prosecute his appeal with effect," and "in case the judgment from which the appeal is taken is affirmed," have substantially the same meaning, as written into this contract, and should be construed together. Therefore, as the Appellate Court say in their opinion, "the judgment that was rendered by the circuit court was such an one as the bond itself was conditioned against."

In *Harding* v. *Kuessner*, 172 Ill. 125, the condition of the appeal bond was that the appellant "shall duly prosecute its said appeal with effect," and pay the amount of the judgment, etc., "in case the said judgment shall be affirmed;" and, there, a *remittitur* of a part of the judgment having been entered by the Appellate Court, and judgment of affirmance having been rendered for the balance, it was contended that there was not an affirmance of the judgment; but in the *Harding* case it was held, that the affirmance by an appellate tribunal of the judgment appealed from for a part only of the amount recovered, and the entry of a *remittitur* for the balance, did not operate to release the appellant, or his sureties, from the performance of the obligations, conditioned on the affirmance of the judgment appealed from. This court had,

theretofore, held that the Appellate Court had the power to affirm a judgment for the amount of the judgment appealed from less the amount remitted; and, so, in *Harding* v. *Kuessner, supra,* we said: "It is to be presumed the appellants entered into the bond, sued on in the case at bar, in view of the power so possessed by the Appellate Court, and, therefore, the true construction of the condition of the bond is, (that) the obligors obligated themselves to pay any amount, for which a judgment of affirmance should be entered in the Appellate Court." Here, there was a judgment of affirmance entered by the circuit court, although the judgment was for the restitution of a less portion of the premises than those described in the judgment of the justice of the peace.

Nor can it be said, that there is any difference in principle between the affirmance of a money judgment and the affirmance of a judgment for restitution, so far as liabilities of obligors in the appeal bond are concerned. There must be an affirmance of the judgment, or a dismissal of the appeal, to sustain a suit on the bond. (*Daggitt* v. *Mensch,* 141 Ill. 395).

*Fourth*—It is still further contended by the appellant, that Zaccone did not agree in the bond to pay for the use and occupation, and that proof of such use and occupation, and of the value of such use and occupation, did not establish such damages as were contemplated by the terms of the bond. The second condition of the bond is, that Zaccone shall "pay all rent now due, and that may become due, before the final termination of this suit, and all damages and loss which the said plaintiff may sustain by reason of the withholding of the premises in controversy." The testimony tended to show that the fair rental value of the premises, during the period of seven months while Zaccone occupied them, was about $30.00 per month. That is to say, the evidence showed that the value of the use and occupation of the premises during such period of seven months was $30.00 per month. We

are of the opinion that it was proper to show the value of such use and occupation under the terms of the bond, in order to establish the true measure of damages. The value of the use and occupation of the premises, during the time when the possession was withheld from the appellee, was the measure of the loss and damage, sustained by reason of the withholding of the same. In other words, in order to ascertain the loss and damage sustained to the plaintiff by reason of the withholding of the premises, it was proper to show the value of their use and occupation during the period of such withholding. (*Shunick* v. *Thompson*, 25 Ill. App. 619; *Barrett* v. *Lingle*, 33 id. 91).

*Fifth*—It is claimed that the circuit court erred by admitting in evidence a certified copy of the judgment of the circuit court in the forcible detainer suit without requiring at the same time a certified copy of all proceedings in the case. The admission of the certified copy of the judgment was proper for the purpose of establishing, *prima facie*, the identity of the judgment affirmed with that recited in the bond. (*McDonald* v. *Allen*, 30 Ill. App. 167).

*Sixth*—The fact, that the suit on the bond was docketed before the justice of the peace as a suit in assumpsit, and not as a suit in debt, makes no difference, so far as the right of the appellee to a recovery upon the bond is concerned. An action brought before a justice of the peace is "instituted in a court where written pleadings are not required, and it is the well settled practice that, in such courts, the party suing need not even name his action, or if misnamed, that will not affect his rights, if, upon hearing the evidence, he appears to be entitled to recover, and the court has jurisdiction of the defendant and of the subject matter of the litigation." (*Pollock* v. *McClurkin*, 42 Ill. 370). Moreover, under section 17 of the Practice act, assumpsit may be brought upon a sealed instrument. (*Rockford Ins. Co.* v. *Nelson*, 65 Ill. 415; *Protection Life Ins. Co.* v. *Palmer*, 81 id. 88; *Adam* v. *Arnold*, 86 id. 185; *Dean* v. *Walker*, 107 id. 540).

During the trial a recess was taken at noon, and, upon the opening of court after recess, the trial proceeded with eleven jurors instead of twelve. There was no error in this respect, because counsel expressly consented in open court to proceed with the eleven jurors.

Many other objections are made, most of which are extremely technical, but none of them are of sufficient importance to require further discussion.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*