**AMERICAN SURETY CO. OF NEW YORK v. STANDARD ASPHALT CO. OF FLORIDA, Inc.***

No. 7508.

Circuit Court of Appeals, Fifth Circuit.

Feb. 5, 1935.

Rehearing Denied March 4, 1935.

J. L. Doggett, Charles Cook Howell, and O. O. McCollum, all of Jacksonville, Fla. for appellant.

*Writ of certiorari denied 55 S. Ct. 655, 79 L. Ed. ——.

H. L. Anderson, of Jacksonville, Fla., for appellee.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

BRYAN, Circuit Judge.

In a suit on the common counts in a state court, the appellee here recovered against the Finley Method Company a judgment for $15,000. The Finley Method Company appealed to the Supreme Court of Florida, and appellant became surety on its supersedeas bond for $20,000, conditioned to pay the amount of the judgment if the same should be affirmed. On that appeal the Supreme Court held that an item of $1,207 included in the judgment was not recoverable, because it was based upon an illegal and corrupt agreement, but also held that appellee was entitled to recover the balance of some $13,800, with interest. Its decision was that "if, within thirty days after filing the mandate in the court below, the plaintiff shall pay all costs of this writ of error and file a remittitur for the item of $1,207 with any interest thereon which may have been included in the judgment, such judgment will stand affirmed for the remainder; otherwise, it will be reversed, and a new trial awarded," etc. Finley Method Co. v. Standard Asphalt Co., 104 Fla. 126, 139 So. 795, 797. Remittitur of the $1,207 was timely filed in the clerk's office.

The diminished judgment not having been paid, appellee brought this suit, alleging that it had duly filed the remittitur and also had paid the costs on appeal within thirty days from the date of the mandate, and recovered judgment against the appellant surety company for the full amount of the supersedeas bond, which was less than the principal and accrued interest. Appellant denied that appellee had paid the costs within the thirty-day period. Whether such payment had been so made is the only issue of fact presented by the record before us. The mandate of the Supreme Court is dated March 9, 1932; as first issued, it left blank the space provided for filling in costs, but was corrected about the 24th of March to show that $181.20 had been taxed as costs on the appeal. Carl Morris, appellee's president, testified he paid that amount on March 24th to the Finley Method Company's agent Seitz, and filed in evidence Seitz' receipt bearing that date. On cross-examination he said he had known Seitz for several years, knew he was then representing the Finley Method Company, and that the costs were paid to him because the Finley Method Company had ceased to do business in Florida, and its president and vice president were not in the state. At the close of the evidence, both sides moved for a directed verdict, and the trial court granted appellee's request. Appellant moved for a new trial, claiming for the first time surprise at Morris' testimony, and offered to prove that Seitz had ceased to be the Finley Method Company's agent prior to the time it was claimed he had been paid the costs, and that as a matter of fact the costs had never been paid to Seitz, or to any one else authorized to accept payment on behalf of the Finley Method Company.

It is contended that the trial court, in denying the motion for new trial, abused its discretion. We do not think so. As the only issue before the jury was whether or not the costs on appeal had been paid, appellant is in no position to claim surprise on the ground that appellee had undertaken at the trial to maintain the burden assumed by it of proving that such costs had been paid. Nor did appellant then make any such claim; on the contrary, it was content without more to ask for a directed verdict in its favor. By the exercise of due diligence, for all that appears, appellant could have obtained before trial all the evidence it relied on in support of its motion for a new trial. The very purpose of a trial is to settle once and for all the rights of the parties and put an end to litigation. Plainly, appellee was not attempting to evade payment of the costs and could not have succeeded in doing so, since the Finley Method Company would have had the right to deduct the costs from the amount due on the judgment. The mandate, although it be entitled to a strict construction, is to be read as a part of the opinion, and should not be so interpreted as to thwart a reasonable effort to comply with its terms. It is undisputed that Seitz had been an agent with apparent authority to receive payments of money on behalf of the Finley Method Company. If the costs were paid to him in the mistaken but honest belief that his agency still continued, it would be enforcing too harsh a rule to hold that the Finley Method Company, or the appellant for it, could defeat the judgment by showing that the agency had in reality been terminated. Under these circumstances, it ought to be enough to deduct any unpaid costs of appeal from the amount of the judgment.

Appellant challenges the judgment against it on the further ground that the

condition of the supersedeas bond, to pay the amount of appellee's judgment against the Finley Method Company if the same should be affirmed, was not breached, because, the argument is, the legal effect of the Supreme Court's decision and order of remittitur was not to affirm but to reverse that judgment as it stood in the trial court. The power of an appellate court to order a remittitur and to uphold the judgment as so reduced is well settled. Dimick v. Schiedt (U. S.) 55 S. Ct. 296, 79 L. Ed. —— (January 7, 1935). The condition of the bond in suit is in the form prescribed by statute adopted in 1832, as amended in 1836, and now appearing as section 4621, Compiled General Laws. The literal statutory provision is that in case of a money judgment the supersedeas bond shall be "conditioned to pay the amount of the judgment with interest and costs, if the same shall be affirmed by the appellate court." It has been the uniform practice of the Supreme Court of Florida, certainly since as early as 1889, if it thought the judgment was for a greater amount than the evidence justified, to affirm such judgment on condition that remittitur be filed,. thus reducing it to an amount considered to be recoverable. Under this practice the court holds it is not substituting its judgment as to amount for that of the jury, but in the interest of "saving vexatious, expensive and prolonged litigation," it is but giving the plaintiff an option to retain his judgment if he will voluntarily enter a remittitur in the amount held to be excessive. Fla. Ry. & Nav. Co. v. Webster (1889) 25 Fla. 394, 426, 5 So. 714; Turner v. Adams (1897) 39 Fla. 86, 21 So. 575; Standard Growers' Exchange v. Martin (1921) 80 Fla. 864, 87 So. 54; South Florida Farms Co. v. Stevenson (1922) 84 Fla. 238, 93 So. 247. In view of this well recognized and established rule of construction, a money judgment is to be considered as affirmed, within the meaning of the statute, whenever the appellate court so orders, even though the amount allowed by the appellate court to be recovered be less than was awarded by the trial court. So far as we are advised, the Supreme Court of Florida has never had occasion to pass upon the question whether the entry of a remittitur has the effect of relieving a statutory supersedeas bond from liability. In the absence of a controlling state decision, we feel constrained to hold that appellant must be presumed to have become surety on the bond in suit with the intention of binding itself to pay not only the full amount of the judgment but such part of it

as the Supreme Court should hold on appeal to be recoverable. Harding v. Kuessner, 172 Ill. 125, 49 N. E. 1001; Rehm v. Halverson, 197 Ill. 378, 64 N. E. 388.

The judgment is affirmed.