## FRANKLINVILLE REALTY CO. v. ARNOLD CONSTRUCTION CO.

### No. 10455.

Circuit Court of Appeals, Fifth Circuit.

Jan. 20, 1943.

Rehearing Denied Feb. 12, 1943.

T. J. Blackwell, William H. Walker, Jr., and Herschel E. Smith, all of Miami, Fla., and J. Ambler Williams, of Norristown, Pa., for appellant.

Paul W. Potter, Bert Winters, M. N. Dunn, and W. H. Mizell, all of West Palm Beach, Fla., for appellee.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

HUTCHESON, Circuit Judge.

When appellant brought this cause here before,[1] rulings adverse to it below, except one, were affirmed. That ruling, that the architect's certificates were final and conclusive, was disapproved, and because of it, there was a reversal limited "to the presentation of evidence as to whether or not the labor and services listed in the certificates were actually used on the job and whether or not the materials listed were actually used or specially fabricated for use in the building. Judgment to be entered after such findings have been made."

This appeal is from the judgment entered on findings made at the conclusion of the further proceedings ordered. Appellant's main insistence here is that: (a) The limited reversal noted above was a complete reversal setting at large all the issues previously determined against it, and that the trial court erred in, in effect, limiting the proceedings to an impeachment of the certificates; and (b) the evidence on the proceedings as limited overwhelmingly established that the certificates were tainted with fraud and collusion and were impeached as a whole. In addition to this primary claim of error, appellant claims error (1) in denying defendant's motions (a) for leave to recall all of plaintiff's witnesses for further cross-examination and (b) to cross-examine Fatio and Seelman, intervenors; (2) in allowing the recovery of interest and (3) in holding that the supersedeas bond on the first appeal was not released and discharged. In support of its

---

[1] Franklinville Realty Co. v. Arnold Construction Co., 5 Cir., 120 F.2d 144, 148.

main contention, appellant insists that the court misinterpreted our mandate as requiring it to disprove item by item the amount set forth in the architect's estimates and thus deprived the defendant of the effect of the evidence impeaching the certificates as a whole by proof of fraud and collusion between plaintiff and the architects and of other unconscionable conduct while putting upon it an impossible burden of impeaching the certificates item by item. It insists too that upon the issue as narrowed, it successfully impeached all of the certificates or at least a greater portion of them than were disallowed. Appellee, on its part, insisting that the trial court correctly construed the reversal ordered, as a limited one for the purpose of allowing defendant to impeach if they could the prima facies of the architect's certificates, points out that the trial court permitted defendant the fullest latitude in offering evidence to impeach the certificates, and in fact disallowed them to the extent of several thousand dollars, and insists that the findings and judgment are fully supported by the evidence. We think it plain that the district court correctly interpreted our mandate and fairly and correctly reheard and redetermined the issue, on which alone the case was sent back. We held on the former appeal that the architect's certificates were "prima facie [but not conclusive] evidence of their contents" and we sent the case back for presentation of evidence and findings upon "Whether or not the labor and services listed in the certificates were actually used on the job, and whether or not the materials listed were actually used or specially fabricated for use in the building". Under that issue plaintiff was entitled and was permitted to offer all relevant proof. The district judge heard the case with the assistance of an auditor whose careful and detailed findings and report are in the record, and we cannot say that the findings are so clearly wrong as to require a reversal. Appellant's procedural points may be briefly disposed of by saying, first, that the motions were addressed to the sound discretion of the court and no showing whatever is made that that discretion was abused, and second, that there is no showing in the record from which it may be found that any prejudice resulted to defendant therefrom. Appellant's complaint of the allowance of interest and of the refusal to hold the surety discharged must on the plainest considerations be rejected. As to the allowance of interest, the con-

tract expressly provides for the payment of the legal rate of interest on amounts found to be due on each requisition and certificate not paid, and the Florida statutes fix the rate where there is no specified rate at 8 per cent per annum. As to the refusal to discharge the surety, the judgment on the former appeal was not a judgment of reversal but one of affirmance with a reversal limited to taking evidence and obtaining findings not upon whether appellee should have a judgment, but upon whether the judgment it had obtained should be for the same or a less sum. To abide this judgment as finally entered pursuant to the mandate, the surety remained bound. No reversible error appearing, the judgment is

Affirmed.