**RECTOR et al. v. MASSACHUSETTS
BONDING & INS. CO.**

No. 10733.

United States Court of Appeals
District of Columbia Circuit.

Argued Dec. 20, 1950.

Decided May 24, 1951.

Robert H. Driskill, Washington, D. C., with whom Harry S. Boteler, Jr., and Charlotte Maskey, Washington, D. C., were on the brief for appellants Rector, Cramer and Geddes. Francis J. Kelly, Washington, D. C., was on the brief for appellants Young and Pastor.

Joseph A. Carey, Washington, D. C., for appellee Massachusetts Bonding and Insurance Company. Leon L. Sclawy, Wash-ington, D. C., entered an appearance for appellees Thompson and Fagley.

Before EDGERTON, BAZELON and WASHINGTON, Circuit Judges.

BAZELON, Circuit Judge.

Appellants moved in the District Court for assessment of damages pursuant to a supersedeas bond filed by the present appellees in connection with the appeal in Thompson v. Rector, 1948, 83 U.S.App. D.C. 371, 170 F.2d 167. That suit was instituted by Rector, et al.,[1] after Thompson, et al.,[2] had defaulted on two deferred purchase money notes, which were secured by a second chattel deed of trust on a business purchased by Thompson from Rector. Instead of seeking a money judgment for the more than $10,000 still due, Rector sought the appointment of a trustee to foreclose on the security and, in addition, reformation of the deed of trust to include the leases on the building housing the business. Thompson answered and filed a counterclaim, in which he alleged breach of a covenant that the premises would qualify for a restaurant license. The District Court denied the counterclaim and granted the relief sought by Rector. An appeal from the entire judgment—both on the principal claim and on the counterclaim—was noted by Thompson. He appears to have subsequently abandoned his challenge of that part of the judgment dealing with the principal claim and to have directed his efforts solely towards securing a reversal of the judgment against him on the counterclaim. Because we thought the District Court had erred in denying his counterclaim, we "Affirmed in part; reversed in part, and remanded for action in accordance with this opinion."[3] The task remaining for the District Court was to determine the amount due to Thompson by virtue of Rector's breach of the covenant and to set off that amount against the total liability of Thompson on the promissory notes.

During the period of delay occasioned by the prior appeal, Rector's security for

---

1. Hereinafter referred to as Rector.

2. Hereinafter referred to as Thompson.

3. 83 U.S.App.D.C. at page 373, 170 F.2d at page 169.

the promissory notes was dissipated. The business ceased to exist, the leases expired, the buildings involved were razed, and the tangible chattels were sold under a first trust, to which the trusts here involved were subordinate. Thus, although the balance of liability after deduction of the amount found to be due on the counterclaim was in Rector's favor, it was no longer possible for her to foreclose on the security. As a result, she moved in the District Court to fix damages on the $12,000 supersedeas bond which had been filed by Thompson to stay execution of the judgment against him. The District Court denied the motion, ruling that our decision in the first appeal in part affirming and in part reversing and remanding constituted a reversal of the judgment of the lower court. This was said to relieve principal and surety of liability on the bond.

Rule 73(d) of the Federal Rules of Civil Procedure, 28 U.S.C.A. provides that an appellant desiring a stay on appeal and entitled thereto " * * * may present to the court for its approval a supersedeas bond which shall have such surety or sureties as the court requires. The bond shall be conditioned for the satisfaction of the judgment in full together with costs, interests, and damages for delay, if for any reason the appeal is dismissed or if the judgment is affirmed, and to satisfy in full such modification of the judgment and such costs, interest, and damages as the appellate court may adjudge and award." The bond which stayed Rector from proceeding on the judgment followed the language of Rule 73(d).[4] It was designed "to indemnify the party prevailing in the original suit against loss in the respects stated in the bond, by reason of an ineffectual attempt to reverse the holding of the trial court. The successful party * * * could not have the decree executed * * * after the supersedeas bond was given, and the purpose of that instrument was to secure him from loss during the time and to the extent that his hand was stayed from action."[5] That loss might be the result of the insolvency of the losing party or of dissipation of a security, as here. And it is, of course, contemplated by both principal and surety that the extent of loss may be so great that they may be called upon to pay the entire amount of the bond.

Liability on a supersedeas bond depends upon a retrospective evaluation of the extent to which a judgment has been affected by an appeal. There is no question that the appeal has had no effect if the judgment below is affirmed or if the appeal is dismissed. But where there is a partial affirmance and a partial reversal of a single judgment, neither the language of the Rules nor that contained in this bond furnish a ready answer. The cases indicate, however, that a partial reversal does not necessarily carry with it the conclusion that a judgment has not been affirmed. Instead, the tendancy has been to consider a judgment affirmed unless it is "wholly reversed"[6] or at least "substantially reversed"[7] by the appellate court.

The problem of "substantial" reversal does not arise in cases where the judgment involved is made up of separable elements and there is a reversal as to one of those elements alone. The surety stands liable on that which is affirmed. For ex-

---

**4.** The first paragraph of the bond involved here reads as follows:

"The undersigned as principal has filed notice of appeal to the United States Court of Appeals for the District of Columbia to reverse or modify the judgment rendered by the District Court of the United States for the District of Columbia in the above-entitled cause on March 27, 1947, and to supersede said judgment is required to give an undertaking, under seal, in the sum of Twelve Thousand ($12,000.00) dollars, conditioned for the satisfaction of the judgment in full with costs, interest, and damages for delay, if

for any reason the appeal is dismissed or if the judgment is affirmed, and to satisfy in full such modification of the judgment and such costs, interest, and damages as the appellate court may adjudge and award." [J. App. 15]

**5.** Crane v. Buckley, 1903, 203 U.S. 441, 446–447, 27 S.Ct. 56, 57, 51 L.Ed. 260.

**6.** Babbitt v. Finn, 1879, 101 U.S. 7, 15, 11 Otto 7, 25 L.Ed. 820.

**7.** Gay v. Parpart, 101 U.S. 391, 392, 11 Otto 391, 25 L.Ed. 841; Crane v. Buckley, 203 U.S. at page 446.

ample, reversal of a judgment as to only one of several parties affected by it does not discharge a surety from liability as to unsuccessful appellants. The reason is that the "obligation or contract of the parties to the bond, both principals and sureties, was to secure such a reversal in the Court of Appeals as to leave no judgment standing which could be enforced against any of the defendants * * * ." [8] Even a technical designation of reversal will not discharge liability on a bond conditioned on affirmance if the facts demonstrate a partial affirmance. "The whole theory of the undertaking in such cases is that, so far as the judgment appealed from is finally declared to be right, the party in whose favor it is shall not suffer by the stay, and that so far as it is found to be right it will be complied with." [9] Another illustration may be drawn from the remittitur cases, in which an appellate court, after determining that a liquidated or readily ascertainable sum has been improperly awarded by the court below, may affirm the judgment subject to the condition that a part thereof be remitted within a specified time. Despite the obvious fact that the appellate court is partially reversing the judgment, the general rule is that, for purposes of appeal or supersedeas bonds, such action is an affirmance of the judgment.[10]

■■ In sum, it is "The judgment or decree appealed from as ultimately affected by the appeal * * * which finally measures the scope of the liability under the bond." [11] A surety is presumed to undertake a bond "with the intention of binding itself to pay not only the full amount of the judgment but such part of it as the Supreme Court should hold on appeal to be recoverable." [12] In Franklinville Realty Co. v. Arnold Const. Co.,[13] these general principles were applied to a fact situation similar in many ways to the case before us. The first appeal in Franklinville resulted in affirmance of the lower court to the extent that it had held Arnold was entitled to enforce a contractor's lien. There was also a partial reversal and a remand for the purpose of redetermining the amount of the lien in accordance with a different construction of a clause of the contract than that adopted by the trial court. The question on the second appeal was whether the District Court had erred in holding "that the supersedeas bond on the first appeal was not released and discharged" by the partial reversal. The answer was that "the judgment on the former appeal was not a judgment of reversal but one of affirmance with a reversal limited to taking evidence and obtaining findings not upon whether appellee should have a judgment, but upon whether the judgment it had obtained should be for the same or a less sum. To abide this judgment as finally entered pursuant to the mandate, the surety remained bound." [14]

■ In the case before us, appellant recovered a judgment against appellee. On appeal, a part, if not indeed the only part, of the judgment which was stayed by the bond was affirmed. The lower court's denial of the counterclaim was reversed, however, and as to that separable

8. Kvedera v. Mondravisky, 1926, 149 Md. 374, 131 A. 766, 769.

9. Bem v. Shoemaker, 1895, 7 S.D. 510, 64 N.W. 544, 546.

10. Hopkins v. Orr, 1888, 124 U.S. 510, 515, 8 S.Ct. 590, 31 L.Ed. 523; Butt v. Stinger, Cir.Ct., D.Col., 1832, 4 Fed.Cas. No.2246; National Surety Co. v. Commonwealth, 1919, 125 Va. 223, 99 S.E. 657. Nor is the rule any different where not a money judgment but a judgment for restitution of a lesser part of the premises than ordered by the trial court is involved as in Rehm v. Halverson, 1902, 197 Ill. 378, 64 N.E. 388, 391.

With regard to the importance of separability in ordering remittitur, see Kennon v. Gilmer, 1889, 131 U.S. 22, 29, 9 S.Ct. 696, 33 L.Ed. 110; Woods v. Richmond & Danville R. R. Co., 1893, 1 App.D.C. 165, 169–170.

11. Spruks v. United States Fidelity & Guaranty Co., 3 Cir., 1943, 138 F.2d 812, 815.

12. American Surety Co. of N. Y. v. Standard Asphalt Co. of Florida, 5 Cir., 1935, 75 F.2d 1, 3.

13. 5th Cir., 1943, 132 F.2d 828.

14. Id., 132 F.2d at page 829.

element alone, the judgment was reversed and the case remanded for determination by the trial court of the amount to be set off against the principal claim. If there had been no need for such an investigation as to amount, the appellate court could have affirmed subject to remittitur, in which event the surety would unquestionably have been liable. We do not think the need for evidence to determine the amount to be deducted from a principal claim should relieve either principal or surety of liability.

■ Another point urged by appellee is that our award of costs to Thompson on the prior appeal demonstrates that we considered the judgment below reversed. He points to Rule 20(c) of this court which provides for allowance of costs to appellant "in cases of reversal of any judgment or order." That rule further provides, however, that such allowance shall be made "unless otherwise ordered by the court." And the same proviso exists with regard to award of costs to an appellee who se-cures an affirmance. The effect of the rule is to vest discretion in this court to allow costs in accordance with the require ments of the particular case before it— requirements which are not necessarily relevant to the task of determining whether or not a judgment has been affirmed or reversed within the meaning of a super-sedeas bond.[15] The manner in which that discretion was exercised is not determinative of the case now before us.

■ There remains the question of damages under the bond. "The extent of the damages becomes a matter to be proved in the district court when liability on the supersedeas bond is sought to be enforced after remand from the appellate court [as was the case here]. It may often be necessary to establish the amount of such damages by evidence * * *; this is more appropriate for determination in the district court than in the appellate court."[16]

Reversed and remanded.

15. Cf. Citizens' Bank v. Davis, 1925, 132 S.C. 1, 128 S.E. 857, 858.

16. John Hancock Mut. Life Ins. Co. v. Hurley, 1 Cir., 1945, 151 F.2d 751, 755.