**Burton S. KNAPP et al., Appellants,**

v.

**John P. KINSEY et al., Appellees.**

**No. 12676.**

United States Court of Appeals
Sixth Circuit.

July 19, 1956.

Writ of Certiorari Denied Nov. 5, 1956.

Fischer, Sprague, Franklin & Ford, Detroit, Mich., Arthur W. Sempliner, Detroit, Mich., Charles H. King, Detroit, Mich., for appellants.

George E. Brand, Sr., George E. Brand, Jr., Detroit, Mich., Hugh Francis, Detroit, Mich., for appellees.

Before SIMONS, ALLEN and MILLER, Circuit Judges.

PER CURIAM.

On the appeal in this case we reversed the judgment of the District Court in favor of plaintiffs-appellees in the amount of $306,982.62. Knapp v. Kinsey, 6 Cir., 232 F.2d 458. In the opinion and order of reversal no reference was made to costs.

Rule 23(3), Rules of this Court provides: "In cases of reversal of any judgment or decree in this court, costs shall be allowed to the appellant, unless otherwise ordered by the court." Appellees have filed a "Petition for Rehearing or Supplemental Order as to Costs," asking that costs to appellants on the appeal be disallowed or, in any event be equitably apportioned between appellants and appellees. The main items involved are for appellants, $9,356.70 for printing appellants' appendix and $1,875 for premium on supersedeas bond, and for appellees, $7,745.50 for printing appellees' appendix and cross reference table.

The authority to disallow costs in full to a successful party on appeal is usually exercised in cases involving (1) violation of the rules in preparing the record on appeal, The Chickie, 3 Cir., 141 F.2d 80, 86; Chalmette Petroleum Corp. v. Chalmette Oil Dist. Co., 5 Cir., 143 F.2d 826, 829; (2) preparing an unreasonably large record or including therein unnecessary matter, Acadian Production Corp. v. Land, 5 Cir., 136 F.2d 1, 3; Consolidated Theatres v. Warner Bros. Cir. Man. Corp., 2 Cir., 216 F.2d 920, 928; Phillips Petroleum Co. v. Williams, 5 Cir., 159 F.2d 1011; (3) where the reversal is actually a modification of the judgment rather than a complete reversal, Shima v. Brown, 77 U.S.App.D.C. 115, 133 F.2d 48, 49–50; Smith v. Onyx Oil & Chemical Co., 3 Cir., 218 F.2d 104, 112; Messenger Corporation v. Smith, 7 Cir., 136 F.2d 172; Bosworth v. St. Louis Terminal R. Ass'n, 174 U.S. 182, 190, 19 S.Ct. 625, 43 L.Ed. 941; (4) where the appeal was unnecessary if proper steps had been taken in the lower court, City of Gold Hill, Or. v. California Oregon Power Co., 9 Cir., 35 F.2d 317, 319; Kansas City Life Ins. Co. v. Wells, 8 Cir., 133 F.2d 224, 228; Blacklock v. Small, 127 U.S. 96, 105, 8 S.Ct. 1096, 32 L.Ed. 70, and (5) where discretion is exercised in accordance with what appear to be the equities in the particular case, Rector v. Massachusetts Bonding & Ins. Co., 89 U.S.App.D.C. 83, 191 F.2d 329, 333; Crowe v. Di Manno, 1 Cir., 225 F.2d 652, 659.

■■ Appellees apparently recognize these general controlling principles and that in many cases disallowance of costs is based upon fault on the part of the prevailing party. They contend that the great bulk of the expense could have been avoided by a timely claim of disqualification in the District Court which would

have avoided a lengthy trial on the merits. In our opinion, Section 144, Title 28 U.S.Code was not applicable to this case in which the claimed bias or prejudice was first disclosed during the trial. Under the circumstances the remedy can not be by a change of judges during the trial; it necessarily becomes a matter of alleged prejudicial error and for correction by the Court of Appeals. Moskun v. United States, 6 Cir., 143 F.2d 129; United States v. Flegenheimer, D.C.N.J., 14 F.Supp. 584, 591. We do not agree with appellees' contention that the issue was not timely raised and preserved by appellants during the trial in the District Court.

Nor do we find any fault on the part of appellants in preparing and presenting an appendix of approximately 4400 pages which presented the issues on the merits as well as the issue of the judgment being invalid because of alleged bias and prejudice. Although the case was not decided on its merits and the major portion of the appendix was not needed by the Court, it would have been needed if it had become necessary to consider the case on the merits. It is to be noted that appellees filed their own separate appendix of approximately 2700 pages which likewise presented the issues on the merits.

Nor do we find in the case any of the other grounds which usually exist when costs are not allowed in full. The appellees defended the judgment with the utmost vigor. The record does not indicate any willingness on their part to forego any of the advantages flowing from the entry of the judgment. They acquiesced in a denial by the District Judge of a stay of execution pending appeal and the appellants were forced to execute a $250,000.00 supersedeas bond in order to challenge the judgment in this Court. The appellants obtained a complete reversal of the judgment. The costs are heavy, but they were necessary to fully protect appellants from the judgment appealed from. If appellants had not prevailed on this appeal these same costs would have been assessed against them in addition to the amount of the judgment. We do not find in this case sufficient reason for departing from the usual rule of awarding costs in full to the prevailing party.

Appellees' Petition for Rehearing or Supplemental Order as to Costs is denied.