**UNITED STATES of America,
Appellee,**

v.

**Daniel Dee VEON, Appellant.**

**No. 72–1889.**

United States Court of Appeals,
Ninth Circuit.

Feb. 12, 1973.

---

Claude O. Allen, Oakland, Cal., for appellant.

James L. Browning, Jr., U. S. Atty., F. Steele Langford and Jerry K. Cimmet, Asst. U. S. Attys., San Francisco, Cal., for appellee.

Before TRASK, GOODWIN and WALLACE, Circuit Judges.

PER CURIAM:

Daniel Dee Veon appeals from convictions of violations of 21 U.S.C. § 841 (a)(1) (possession of marijuana with intent to distribute); two counts of 21 U.S.C. § 843(b) (use of telephone to commit or to facilitate commission of felonies under Title 21); 21 U.S.C. § 846 (conspiracy to distribute and to possess with intent to distribute marijuana).

Defendant contends the district court erred: (1) in restricting the recross-examination of a government witness; (2) in receiving into evidence a tape recording and a written transcript of the tape; and (3) in submitting the case to the jury, upon evidence which he asserts was insufficient to support the verdict.

Customs agents observed a load of 400 kilograms of marijuana being brought in from Mexico. The agents arrested the smugglers and had them make a "controlled delivery" to Donald Lynch, their employer. Lynch was arrested and agreed to cooperate with police. With police listening and taping the call, Lynch phoned Veon and told him that the "stuff" was in for "Gary." Veon said, "Yeah, okay, uh?" Lynch replied, "Same old thing." Veon signified assent. This call is the basis for the second count of the indictment.

At trial, Lynch testified that the call was made pursuant to a pattern he had prearranged with Veon. When Lynch's employees would arrive with a shipment, Lynch would telephone Veon and Veon would send Geary Willingham, an employee of Veon, to pick up the contraband and pay Lynch at a pre-arranged location. Lynch testified that he disposed of all his marijuana through Veon.

Lynch, carrying a tape recorder, met Willingham, and in a brief conversation the name "Danny" was mentioned twice. This tape recording became the disputed exhibit. Willingham picked up the marijuana and was arrested. He testified that he was employed by Veon and acted at his request.

The same night that Lynch was arrested, he received another call from Veon in which Veon stated that he could get only $9,000 that night, and that he would deliver it later. This call is the basis for count three of the indictment. Still later, Lynch received a call from Veon in which Veon told Lynch that "Gary" had been "busted" and that he (Veon) was going to a motel.

■ The alleged restriction on cross-examination occurred when defense counsel attempted to re-examine a prosecution witness for the fifth time. The curtailment of repetitious examination on a marginally relevant point was a legitimate exercise of the court's discretion. United States v. Haili, 443 F.2d 1295, 1299 (9th Cir. 1971).

■ The objection to the use of the tape recording is equally without

merit. The defense had obtained a discovery order to furnish copies of any statements obtained through "electronic surveillance." The government furnished a copy of the tape of the Veon-Lynch conversation, and said that it had another tape in which Veon's voice was not heard, but which would be furnished upon request. No request was made. The tape was nonetheless made available to the defense before Willingham testified and before the defense had relinquished its right to recall Lynch for further cross-examination.

The Jenks Act, 18 U.S.C. § 3500, gives the defense the right to have copies of statements of witnesses to government agents only after they have testified. In this case, the defense had possession of the tape before cross-examination was concluded. But even if the defense was entitled under the discovery order to have the tape before trial, a point we need not decide, the defense was not prejudiced by the late receipt. Veon knew that both Lynch and Willingham had agreed to testify for the prosecution. The tape added little to the testimony; all mentions of "Danny" in the tape came from Lynch, so the tape did not detract from Veon's argument that Lynch was implicating him (Veon) in an attempt to reduce his own guilt. There was no error in receiving the tape.

The government argues that the sufficiency-of-the-evidence point is not available on appeal because no objection was made on this basis at the close of the trial. Enriquez v. United States, 338 F.2d 165 (9th Cir.), cert. denied, Cura v. United States, 380 U.S. 957, 85 S.Ct. 1095, 13 L.Ed.2d 973 (1964); Lucas v. United States, 325 F.2d 867 (9th Cir. 1963). We agree with the government. But in any event we are satisfied that there was abundant evidence to support the verdict. We notice the point only because it became necessary to examine the record in order to deal with the other points urged.

Affirmed.